May Term,
1860.
─────────
BLACKLEACH
v.
HARVEY.

any such relief, a valid objection? If it is, let the sentence of nullity be pro-. nounced on that law, so that it may no longer encumber the statute book, and be a standing lie to equality and uniformity; for its operation has been unequal and oppressive; it has been a trap for the needy and unwary debtor, and a miraculous fall of manna for the speculator in sheriffs' sales, who feels no sympathy for the misfortunes of others, but rather welcomes them as glorious opportunities.

────────•─♦♦♦─•────────

BLACKLEACH and Wife *v.* HARVEY.

Section 18 of the act regulating descents, &c., should not be so construed as to prevent a widow who marries a second or subsequent time, from directing which of two pieces of land shall be sold on execution to pay a debt which must be paid by the sale, independent of her consent, of one or the other.

*It seems,* that that section should only be applied in restraint of the right of the wife to convey her real estate in fee simple, while she has children living by a former husband who might inherit it.

Thursday,
June 14.

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—Suit for partition. Judgment for the defendant.

It appears by the record that during the lifetime of one *Mallory Norman,* a judgment was obtained against him in the *Wayne* Circuit Court, by one *Ephraim Cate;* that *Norman* died in 1855; that he left no children, but only his wife, *Franconia,* and his mother, as his heirs; that *Franconia* administered on his estate; that the judgment of *Cate* was revived against her; that the judgment was rendered upon a note given for a part of the purchase-money of a lot of ground in *Centreville, Wayne* county, *Indiana;* that execution was issued upon the judgment; and that, when the officer was about to sell the lot, for the purchase-money of which the note was given, *Franconia* desired the officer to sell a different lot, upon which the judgment was also a lien (the lot belonging to *Norman's* estate); that the officer consented; that *Franconia* stood by, approving the sale of this latter lot for the purpose of paying the judgment in full and saving the other lot mentioned; that the fee simple

of the entire lot was offered, and bid off in good faith by the purchaser, and paid for; that *Franconia,* before the sale, had married Mr. *Blackleach;* and that, afterwards, *Franco-* *nia* and her said husband, *Blackleach,* executed a quit-claim deed to the purchaser of the lot at sheriff's sale, of all interest therein.

This quitclaim deed was held below to be a bar to the application of *Franconia* and *Blackleach,* her husband, for the partition of said lot.

It is insisted that the decision was erroneous under 2 R. S. p. 250, § 18, which provides that "if a widow shall marry a second or subsequent time, holding real estate by virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate; and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be."

It has already been intimated in a former opinion, that the object of that section, and others, of the law of descents, was to preserve and transmit the estate to the children of the prior marriage. *Ogle* v. *Stoops,* 11 Ind. R. 380, and cases cited. It could not be to protect the widow, or wife, from encroachment on the part of her husband; for the law allows first wives to convey their property with the consent of their husbands (*Reese* v. *Cochran,* 10 Ind. R. 195); and, beyond doubt, first wives need as much protection from the influence of their husbands as do second.

This being so, it would seem that § 18, above quoted, should only be applied in restraint of the right of the wife to convey, in fee simple, her real estate, while she had children living by a former husband who might inherit it. It would certainly operate very hardly in many cases, to give the statute a literal construction. Suppose the case of a mortgage which an estate is unable to pay off out of the personal assets, but which, could the widow, then a second wife, be permitted to quitclaim her equity of redemption in the mortgaged property, might be settled without the

expense of a foreclosure; why should she not be permitted to do it? We incline to think the section should be thus construed; but, however this may be, we are clear that it should not be so construed as to prevent the widow wife from directing which of two pieces of property shall be sold by an officer to pay a debt which must be paid by the sale, independent of her consent, of one or the other.

We are of opinion, therefore, that the facts of the case, independent of the deed, present a good bar by estoppel *in pais;* that the judgment below was consequently right and should be affirmed. See the cases cited in the Ind. Dig., pp. 406, 420; also, *Ellis* v. *Diddy,* 1 Ind. R. 561; and *Whitehead* v. *Cummins,* 2 *id.* 58.

The statute of *Gloucester* prohibited the alienation, by the widow, of the estate assigned to her as dower; but it was held that an alienation for life simply, being no more than her interest, as it worked no wrong to her heirs, was not within the statute. See Book 2, Blacks. Comm., Shars. Ed., p. 137, and note 26.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman, J. P. Siddall,* and *N. H. Johnson,* for the appellants.

*O. P. Morton* and *J. F Kibbey,* for the appellee.