Philpot et al. *v.* Webb.

*Theodore Gazlay* and *Carter Gazlay*, for the appellants.
*George B. Fitch*, for the appellee.

---

---

PHILPOT *et al. v.* WEBB.

DESCENT—ACTION.—In 1859 a man died, leaving a widow and children. One-third of his real estate descended to his widow. She and *B*, in 1860, executed a joint and several promissory note for the payment to *C* of a sum of money. Afterwards she and *B* intermarried. She then died, the children by her former husband surviving her. *B* then became insolvent. *C* sued the children by the former husband to subject the interest which had descended to their mother, as aforesaid, to the payment of said note. The children claimed that, by reason of her subsequent marriage, she

took but a life estate therein, and that, therefore, it was not subject to sale for payment of said note.

*Held,* That, under the circumstances, she took a third in fee, and that it was liable for the payment of her debts, and said action would lie.

APPEAL from the *Spencer* Common Pleas.

*Per Curiam.—Henry G. Waggoner* died in 1859, then owning certain real estate, and he left surviving him *Matilda Waggoner,* his widow, and *Eliza J. Philpot* and several others, his children by said *Matilda,* being his heirs at law.

Afterward, in *September,* 1860, said *Matilda* executed, jointly and severally, with *William Henderson,* two promissory notes, amounting in the aggregate to 866 dollars and 66 cents, payable to *George W. Webb.* Later, to-wit, in *November,* 1860, the widow, *Matilda,* intermarried with said *Henderson;* and, on the 20th of *March* following, (1861), she died, leaving surviving her no children by her second husband.

On the 6th of *June,* 1862, *Webb,* the payee of the above mentioned notes, instituted this suit to enforce payment of them out of the interest of said *Matilda* in the real estate of her first husband, she having left no other property, and *Henderson* being insolvent, The suit is against her children by her first husband, the heirs of *Henry G. Waggoner,* deceased. It is alleged that there is no administrator.

The Court held that one-third of the real estate of her first husband, *Waggoner,* descended to the said *Matilda,* in fee; that her subsequent marriage did not divest it; and that at her death it descended to her heirs, liable to be sold for debts contracted by her.

Concurring in the opinion of the Court below, we affirm the judgment, with costs.

The judgment is affirmed, with costs.

*L. Q. & T. F. DeBruler* and *David T. Laird,* for the appellants.

*H. G. Barkwell* and *O. F. Stirman,* for the appellee.