## NEWBY v. HINSHAW.

WIDOW — DESCENT — STATUTES CONSTRUED — SPECIFIC PERFORM-
ANCE.—Where a widow, as the heir of her husband, becomes the
owner in fee, of real estate, under the. provisions of sections 17 and
18 of the act regulating descents, whilst she remains his widow,
she has the legal right to alienate such real estate, and such aliena-
tion will convey a perfect and absolute title, and if she sell by title
bond, and put the purchaser in possession, and then marry again,
she may, after such marriage, be compelled to specifically perform
such contract by conveying the legal estate.

APPEAL from the *Henry* Circuit Court.

PERKINS, J.— *William B. Albertson* died seized in fee of cer-
tain real estate, leaving *Rebecca Albertson*, his widow, and
children, by her surviving. Afterwards, on the 22d day of
*October*, 1863, said *Rebecca*, sold by title-bond, one third of
the real estate of which said *William*, her husband, died
seized, to *Albert Newby*, receiving in hand a part of the pur-
chase money, and placing said *Newby* in possession.

Subsequently, and before receiving the balance of the pur-
chase-money and executing a deed, said *Rebecca* married one
*Elijah Hinshaw*. If said *Rebecca* was contemplating marriage
at the time she sold the land in question, *Newby*, the pur-
chaser, was ignorant of that fact.

The question is, whether said *Rebecca* can now, after having
become the wife of said *Elijah*, receive the balance of the
purchase-money and execute a deed to said *Albert Newby*.
The Court below so held, and ordered the contract to be
specifically performed.

Our law of descent enacts:

"SEC. 24. If a man die, intestate, leaving a widow and a
child or children not exceeding two, the personal property
of such intestate shall be equally divided among the widow
and children, the widow taking an equal share with one

child, but if the number of children exceeds two, the widow's share shall not be reduced below one-third of the whole: *Provided*, that if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall at her death, descend to his children."

If, in the case at bar, then, *Rebecca·Albertson* was the second and childless wife of *William B. Albertson*, and he left surviving him children by a former wife, she had, under the section of the statute quoted, but a life estate, and, if she had no more, the purchaser could obtain no larger estate from her. But the record does not show a case under this section; and if it exists it is the fault of the parties that it is not shown to exist.

The law of descent further provides:

"SEC. 19. If a husband die, testate or intestate, leaving a widow, and if the entire estate, real and personal, do not exceed 300 dollars, it shall go without administration to the widow, free from all demands of creditors, in trust for herself and the infant children of the deceased, while they remain infants or unmarried, with remainder over to the widow, and if there shall be no such children, she shall take the whole: *Provided*, that if the widow shall marry while any of such children remain infants and unmarried, the husband shall, within ten days after such marriage, execute his bond, payable to the State of *Indiana*, in a sufficient penalty, and with security to the approval of the clerk of the proper Court of Common Pleas, conditioned for the true and faithful application of such property, or so much thereof as the widow may have at the time of the marriage, to the benefit of such children, and in default thereof, the title to such property shall vest absolutely in such children.

"SEC. 20. If a husband die, testate or intestate, and his estate, real and personal, exceed 300 dollars, and be insol-

vent, or if, after payment of all his debts, less than 300 dollars would remain, then, and in either of these cases, 300 dollars of the same shall go to the widow, free from all demands of creditors, for herself, or in trust, as in the preceding section provided."

Both the foregoing sections are so framed as to conform to the principles of justice, as to preserve the property of a deceased husband for his children after the estate for life, the period of necessary use of the wife has ended; but the case at bar is not shown by the record to fall within any of them.

There are further sections of the law of descent:

"Sec. 17. If a husband die, testate or intestate, leaving a widow, one third of his real estate shall descend to her in fee simple, free from all demands of creditors: *Provided however*, that where the real estate exceeds in value 10,000 dollars, the widow shall have one fourth only, and where the real estate exceeds 20,000 dollars, one fifth only as against creditors.

"Sec. 18. If a widow shall marry a second or any subsequent time holding real estate in virtue of any previous marriage such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage, in virtue of which such real estate came to her, if any there be."

So far as shown by the record, the property in question came to *Mrs. Albertson* under these sections. See 1 G. & H. 294, for the law of descent, and for notes of cases arising under it. Also, *Philpot* v. *Webb*, 20 Ind. p. 509; *Blackleash* v. *Harvey*, 14 Ind. 564; and *Barnes* v. *Allen*, 9 Am. L. Reg. 747.

If *Mrs. Albertson*, now *Mrs. Hinshaw*, acquired the land sold to *Newby* under the sections last quoted, she became the fee-simple owner, with a restriction on her power to sell, during her coverture, but at no other period. This is the plain language of the statute. And while by its terms, the

statute is not adequate to accomplish what would seem, by its general tenor, to have been the legislative intention, and what would seem to be justice, still its language is so explicit, so free from ambiguity, that we think we are not authorized to give it a different operation, by construction. It must go to the legislature for amendment. As it now is, it practically amounts to no restraint upon alienation, as the case before us demonstrates. The fee-simple goes absolutely to the widow. The owner of the fee can alienate it, unless the power to do so is withheld. *Cox's Adm'r.* v. *Wood,* 20 Ind. 54. That power was not withheld, so far as appears, in this case, at the time the sale was made. By the sale, as made in this case, the purchaser became the equitable owner, and the vender the trustee for the purchaser. As such, we think she was rightly held vested with the power, and liable to be compelled, to execute the trust.

*Per Curiam.*—The judgment is affirmed, with costs.

*T. B. Redding,* for the appellant.

*Brown & Polk,* for the appellees.