Smith *v.* Smith.

———————— ❈ ————————

SMITH *v.* SMITH.

DESCENT.—*A* died intestate in 1859, leaving surviving him one child, the only issue of his first marriage, and one child, the only issue of the second marriage, and his second wife. In 1860 the wife died seized of whatever estate she took in the land by her husband's death, never having been married again, and leaving but one child surviving.

*Held,* that at the husband's death the widow took one-third of the land in *fee-simple,* and each of the children one-third; and at the widow's death her land descended to her own child.

PRACTICE.—The Supreme Court will not reverse a case upon questions not raised in the court below.

APPEAL from the *Pulaski* Circuit Court.

FRAZER, J.—This was an agreed case to determine the respective rights and interests of the parties in certain lands.

The facts, as agreed upon, so far as they are material to the question, are these: *William H. Smith,* deceased, who was the father of the parties, half sisters, died intestate, *June* 16, 1857, seized in fee of the lands; leaving surviving him the appellant, who was the only issue of his first marriage, and the appellee, who was the only issue of his second marriage, and the appellee's mother, his second wife. The second wife died intestate in *January,* 1860, seized of whatever interest she took in the land by her

husband's death, never having married again, and leaving the appellee, her only child, surviving.

The court below adjudged one-third of the land to be in the appellant, and the remaining two-thirds in the appellee.

The appellant claims one moiety of the land.

It is conceded, in argument, as we understand, that on the death of the husband, the widow took one-third of the land in fee-simple, and each of these parties also one-third. The statute, at any rate, established that proposition. 1 G. & H. 294, sec. 17. The question then is, who inherits the widow's third upon her death, she leaving a child of her own, (the appellee,) and another child of the same father by his previous marriage, (the appellant,) surviving her?

It seems to us clear that, in this case, the lands of the widow descend to her own child. Here the widow is the ancestor, and there is no fair construction of our statute of descents which will cast any portion of the estate upon those not of her blood. The *sixth* section of the act is relied upon, which is, that "kindred of the half blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate, by gift, devise, or descent, from any ancestor, those only who are of the blood of such ancestor shall inherit." But the *kindred* spoken of in this section must be kindred of the person last seized; in this case, of the second wife.

Our statute of descents has heretofore been remarked upon, by this court, as being somewhat inharmonious; and consequently demanding legislative attention. We may be excused for expressing our concurrence in this observation, though the case before us is free from doubt. The *eighteenth* section, in case the widow had subsequently married, and died "during such marriage," would, in express terms, cast the descent upon the appellee, and indicates the intent of the law, in a case like the present. This section was intended, in such a case as it mentions, to cut off from the inheritance her subsequent husband, and her children by any marriage, other than the one in virtue of

which the land came to her; and to that extent, the nature of her estate, as defined in the *seventeenth* section, a fee-simple is modified, and made a kind of estate in special tail. But why limit this operation of the eighteenth section to cases in which she shall die during such subsequent marriage?

By the agreed case in writing, it was stipulated that the costs should be borne by the parties, in the same proportions as their rights should be determined to be in the land. But judgment was rendered against the appellant for half the costs. To this no objection was made, nor exception taken below, but it is assigned for error here. This court has so often decided that it will not reverse a case on questions not raised in the court below, that we think we ought to regard that point of practice as settled; and we do not therefore examine it. The cases to this effect are very numerous, and a few of them may be found cited in *Preston* v. *Sandford*, 21 Ind. 156. It follows that we must regard any just objection to the judgment for costs as waived in the court below.

The judgment is affirmed, with costs.

*D. D. Pratt* and *D. P. Baldwin*, for appellant.

