*W. H. Mallory*, for appellee.

---

## Goodrich and Another *v.* Myers and Others.

STATUTE OF DESCENTS—WIFE'S PORTION.—A died in 1861, intestate, seized of certain real estate, leaving a widow and several children. Proceedings for partition having been instituted, the commissioners set apart to the widow a certain town lot, valued at $800, and reported that the residue of the property was not susceptible of partition. An order of sale was entered, and a commissioner appointed to make the sale. Before the

sale was made the widow married again. In distributing the proceeds of sale, the court ordered that one-third of the net proceeds of sale, less eight hundred dollars, should be paid to the widow, "upon her filing a bond, with good security, in double the value of the money so paid, conditioned that the principal sum should be restored to the heirs, if she should die during coverture."

*Held*, that if sec. 18 of the statute of descents is a rule of descent, and not a limitation of the estate of the widow in the lands of her deceased husband, then the children had no vested interest in the portion of their mother. All the interest they could have must come to them as heirs of their mother.

*Held*, also, that the order was wrong, 1st. because a married woman could not be bound by such a bond; and 2d. because the $800 was ordered to be deducted from the widow's one-third of the residue, instead of from the one-third of the whole property.

APPEAL from the *Miami* Common Pleas.

GREGORY, J.—One *David B. Myers*, on the 25th of *June*, 1861, died intestate, seized of certain real estate in *Miami* county, leaving *Martha A.*, his widow, and the appellees, his children, his heirs at law.

*Ira B. Myers*, one of the children, on the 9th of *November*, 1863, filed his petition in the court below, against the widow and the other children, for partition of the real estate. On the 26th of that month, the court rendered an interlocutory decree of partition, giving to the widow one-third of the real estate, and to each of the children one-twelfth, in fee, and appointed commissioners to set off the same. The commissioners reported at that term, that they had assigned to the widow, as a part of her one-third, a lot in *Peru*, which they valued at $800, and that the residue of the real estate could not be divided without injury to the parties. The court decreed a sale of that part so reported indivisible, and appointed a commissioner to make the sale. On the 24th of *December*, 1863, the widow intermarried with *George W. Goodrich*. The commissioner, on the 7th of *February*, 1865, sold the real estate embraced in the order of sale for $7,584 30 and reported the sale to the court, where it was confirmed. The commissioner reported $3,500 in his hands, arising from the sale, for distribution;

which the court ordered to be paid out, among other things, as follows: "Second. One-third of the residue, less 800 dollars, to *Martha A. Goodrich,* upon her filing a bond, with a good surety, in double the value of the money so paid, conditioned that the principal shall be restored to the heirs, if she should die during coverture."

The only question raised is, did the court below do right in making this order?

By the statute of descents it is provided that, "If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors;"      *      *      *      1 G. & H., § 17, p. 294.

It is further provided that, "If a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." *Id.* § 18.

In the case of *Newby* v. *Hinshaw,* 22 Ind. 334, this court held that where a widow, as the heir of her husband, becomes the owner in fee of real estate, under the provisions of sections 17 and 18, of the act regulating descents, whilst she remains his widow she has the legal right to alienate such real estate, and such alienation will convey a perfect and absolute title, and if she sell by title bond, and put the purchaser in possession, and then marry again, she may, after such marriage, be compelled to specifically perform such contract by conveying the legal estate; the court construing section 18 as a restraint on the power of alienation only, holding that the fee simple goes absolutely to the widow.

In the case of *Philpot et al.* v. *Webb,* 20 Ind. 509, *W* died, in 1859, seized in fee of certain real estate, leaving, as his heirs at law, a widow and children. In 1860, the widow

executed, jointly and severally with *H*, two promissory notes, payable to *Webb*. Afterward the widow intermarried with *H*, and in *March* following she died, leaving surviving her, no children by her second husband. On the 6th of *June*, 1862, *Webb*, the payee of the notes, instituted suit against the children of the first marriage, to enforce the payment of his debt out of the interest of the widow in the real estate of her first husband, she having left no other property, and *H* being insolvent. It was held by this court, that one-third of the real estate of her first husband, *W*, descended to the widow in fee; that her subsequent marriage did not divest it, and that at her death it descended to her heirs, and was liable to be sold for debts contracted by her. If this is good law, it settles the case in judgment; for if the 18th section is a rule of descent, and not a limitation of the estate of the widow in the lands of her deceased husband, then it follows that the children of *Myers* have no vested interest in the portion of their mother, in the lands of which their father died seized. All the interest they can have, must come to them as heirs of the mother. *Smith* v. *Smith*, 23 Ind. 202; *McMakin* v. *Michaels*, id. 462.

The order is improper, in any view of the case. A married woman could not be bound by the bond required, and therefore she could not be the principal therein as contemplated; and the order might deprive her of her undisputed right to the proceeds of the fund, by tying it up in court to await a compliance with a condition wholly beyond the power of one laboring under disability. The order is wrong in charging the widow with $800, to be deducted from her third of the residue of the fund, because one third of the $800 belonged to the widow, as heir to her late husband. The $800 should be added to the net proceeds of the sale of the residue of the real estate, one third of such aggregate is the amount to which the widow was entitled, eight hundred dollars deducted therefrom gives the sum to which she will be entitled on the final distribution.

The order of the court below, directing the payment to *Martha A. Goodrich*, is reversed, with costs, and the cause remanded to said court, with directions to order the payment to said *Martha A. Goodrich* of her portion of said money, without any condition annexed.

*J. D. Conner*, for appellants.

*R. P. Effinger*, for appellees.