## MATTOX v. HIGHTSHUE.

| 39   95|
|146  403|

MARRIED WOMAN.—*Conveyance.*—The separate deed of a married woman is void, and passes no title to her lands.

SAME.—A married woman holding real estate descended to her from a previous husband, cannot, with or without the consent of her husband, convey the real estate so held.

RENT.—*Void Contract of Purchase.*—A person who takes possession of a tract of land under a contract of purchase that is absolutely and unconditionally void, is liable for the rent of the premises.

ESTOPPEL.—A party can never be estopped by an act that is illegal and void.

VENDEE.—*Void Contract.*—*Lien.*—One who has purchased real estate from a married woman who had no power to sell or convey has no lien on the land to secure the repayment of the purchase-money; nor has he any right to retain possession until he is repaid the amount paid upon the void contract of purchase.

EQUITY.—A right in equity cannot grow out of an illegal and void transaction.

TENANT IN COMMON.—*Conveyance.*—One tenant in common, owning an undivided interest in real estate, cannot convey to a stranger a certain portion of the tract held in common, and put the purchaser in possession of the portion conveyed.

APPEAL from the Hendricks Circuit Court.

BUSKIRK, C. J.—This action was brought by Elizabeth Mattox, Susan J. Price, adults, and Richard T. Lacy, Mary A. Lacy, Lewis M. Lacy, Sarah M. Lacy, and John W. Lacy, minors, by Franklin Price, their next friend, against Jacob Hightshue, to recover the rent of certain real estate. The action originated before a justice of the peace, where a judgment was rendered for the plaintiffs for twenty-four dollars and fifty cents, and from this judgment the defendant appealed to the circuit court.

In the circuit court the defendant filed an answer and cross complaint as follows:

"The defendant, Jacob Hightshue, with the permission of the court, files the following answer and cross complaint in the above entitled cause, which shows that he is in the possession of the land described in plaintiffs' complaint, and was so in possession during the year 1869; that he holds said lands by purchase from the said Elizabeth Mattox, and by deed from her, dated June 19th, 1868; that at the time of said purchase and execution of said deed, the said Eliza-

beth Mattox was in the occupancy of said land, together with all the other plaintiffs, except the said Susan J. Price, the said co-plaintiffs being children of said Elizabeth Mattox, and all being infants except the said Susan; that the said Elizabeth and her said children were the owners, as tenants in common, of a part of the east half of the northwest quarter of section nineteen, township seventeen, north of range two east, in said county and state, containing sixty acres, which land they had derived by descent from John Lacy, deceased, who was the former husband of said Elizabeth, and the father of the other plaintiffs, and who died seized and possessed of said land, and left his widow and children in the possession of said land, but without any legal title of record; that the said Elizabeth subsequently married the said Solomon Mattox, who has abandoned the said Elizabeth and her children; that in June, 1868, said Elizabeth and her infant children aforesaid were residing on and occupying the said land; that said children were in a dependent and suffering condition, being deprived of, and in great need of, the common necessaries of life, and were being in part supported by charity; and that said real estate was also encumbered at the time by a lien and assessment of one hundred and ten dollars as and for benefits to be derived by the construction of a ditch and drain of the School Branch Ditching Company, a corporation legally organized, and which assessment had been legally made, and was binding upon all of said land; and the defendant says that the said Elizabeth Mattox, being so in possession of said land, and so abandoned by her husband, and her infant children aforesaid being in want, and without a legal guardian or other person to care for them or their support, and said land being encumbered as aforesaid and liable to be sold, did offer to sell to this defendant the ten acres described in said complaint, at the sum of three hundred and fifty dollars; and that this defendant, believing she had a good right to sell said land, and convey the same, and knowing nothing to the contrary, did purchase the same of the said Elizabeth, and did, by

agreement with her, pay off said ditch assessment and lien of one hundred and ten dollars, and did pay the said Elizabeth, for the necessary use and support of herself and infant children, the sum of two hundred and forty dollars in cash, and did receive her deed therefor, a copy of which is filed herewith, under and by virtue of which he did afterward take the possession of said land, and has since hitherto held the same; all of which was done in good faith on his part, and as he believes on the part of the said Elizabeth also; but he is now informed that said parties deny his right, and dispute his title to said land, because the same was held by descent from a former husband, and at the time of said conveyance she had a second husband living, and because her children were under twenty-one years of age. Wherefore, defendant now files this, his cross complaint, and asks that his title to said real estate be declared quiet and perfect, as against all of said parties, or that the court may decree his right be subrogated to that formerly held by the ditching company aforesaid for said sum of one hundred and ten dollars, with interest; and will the court decree that he have his judgment against the said parties for his said three hundred and fifty dollars, with interest, and decree that said land be sold to satisfy the same; or will the court grant such relief to said defendant as equity would dictate in the premises; and he asks that said parties may be required to answer this, his cross complaint, before the final trial of the cause.

"L. M. CAMPBELL, Attorney."

The deed, which was made an exhibit in the cross complaint, was in the form prescribed by our statute, and was executed by Elizabeth Mattox alone.

The plaintiffs demurred separately and severally to the cross complaint. The demurrers were overruled, and the plaintiffs excepted.

The plaintiffs thereupon filed the following answer and reply:

"First. The plaintiffs in the above entitled cause, for answer

Mattox v. Hightshue.

and reply to the pleading which the defendant styles his 'cross complaint and answer,' deny each and every material allegation therein contained.

"Second. The plaintiffs, for second and further answer and reply to the pleading which the defendant styles his 'cross complaint and answer,' say that the defendant took possession of, and occupied, and farmed during the year 1869, the premises for which plaintiffs claim rent, and at the time of so taking possession, was notified that he had no right to said premises, and was forbidden by the plaintiffs to take possession of and farm the same, and was further notified by them that they, the plaintiffs, were the sole owners of said premises, and entitled to the use and occupation thereof. Therefore, the plaintiffs say that the defendant should not maintain the defence set up by him.

"Third. The plaintiffs, for a third and further answer and reply to the pleading which the defendant styles his 'cross complaint and answer,' say that on the 19th day of June, 1868, the plaintiff Elizabeth Mattox executed to the defendant the deed set forth as an exhibit by him in his said 'cross complaint and answer,' for the premises for which plaintiffs claim rent; that at the time she executed said deed she was the wife of Solomon Mattox, and that said Solomon did not join with her in the execution of said deed, nor give his consent thereto; that at the time said deed was executed said Elizabeth was not authorized by the Court of Common Pleas of Hendricks county, Indiana, or by the Hendricks Circuit Court, of the State of Indiana, to sell or convey her real estate, or by any other competent authority; that Hendricks county, Indiana, is the county in which said land lies, and in which said Elizabeth was residing at the time said deed was executed; that at the time said deed was executed said Elizabeth was the owner in fee of only the undivided one-third part of the premises described in said deed, having no other right or interest in said premises; that her right and title to said premises was derived solely by inheritance from John Lacy, deceased, who was a former husband of said

Elizabeth, and the father of the said plaintiffs, who are also the children of the said Elizabeth; that said John Lacy died intestate, leaving the plaintiffs as his only heirs; that since said deed was executed, said Elizabeth has never acquired any other or further interest in the premises named in the said deed; that the said Elizabeth has never been divorced from her said husband, Solomon Mattox, and is now living with him as his wife in Hendricks county, Indiana; that defendant claims said real estate only by said deed.

"The plaintiffs further say that defendant claims, adversely to them, to be the owner in fee of the real estate described in said deed, and that by reason of said claim, a cloud is resting upon their title to said premises. The plaintiffs allege that said Elizabeth is the owner in fee of the undivided one-third part of said premises, and that the other plaintiffs, namely, Susan J. Price, Richard F. Lacy, Mary A. Lacy, Lewis M. Lacy, Sarah M. Lacy, and John W. Lacy, are each the owner in fee of the undivided one-ninth part of said premises described in said deed, which rights were derived by inheritance from John Lacy, deceased, who died in the year 1862, and who was the former husband of said Elizabeth and the father of the other plaintiffs at the time of his death.

"Wherefore the plaintiffs ask the court to order and decree the quieting of the title of plaintiffs to said premises; and plaintiffs ask for all general and proper relief to which they are entitled in law and equity.

"CHARLES FOLEY, Att'y for Plaintiffs."

The cause was submitted to the court for trial; and at the request of the parties, the court made a special finding of the facts in the case, and the conclusions of law upon them involved, and signed and filed the same, which is as follows:

First. In 1862 John Lacy died intestate and seized in fee simple of the east half of the north-west quarter of section nineteen, in township seventeen, north of range two east, situated in Hendricks county, Indiana, leaving surviving him, as his only heirs, his widow, Elizabeth Lacy, and their six

children, namely, Susan J. Price, Richard T. Lacy, Mary A. Lacy, Louis M. Lacy, Sarah M. Lacy, and John W. Lacy; and that the administrator of said John Lacy, deceased, sold twenty acres on the north end of said tract of land, leaving sixty acres on the south end thereof.

Second. That after the death of said John Lacy, to'wit, in September, 1863, his widow, said Elizabeth, intermarried with Solomon Mattox, whose wife she now is and has been ever since said marriage.

Third. That on the 19th day of June, 1868, said Elizabeth Mattox executed to defendant a general warranty deed, purporting to be for ten acres of her undivided one-third part of said sixty-acre tract of land, without the husband of said Elizabeth Mattox, said Solomon Mattox, joining with her in said deed, for the consideration of three hundred and fifty dollars, which defendant paid said Elizabeth, both said Elizabeth and defendant acting in the utmost good faith and believing that she could alone convey the title to the real estate described in said deed.

Fourth. That in the fall of 1868, said Elizabeth put defendant in possession of ten acres of said sixty-acre tract, designating it as the part he had purchased, and which is the part for which the plaintiffs seek to recover rent; and defendant has been in possession of said ten acres ever since, the rental value thereof for the year 1869 being twenty-five dollars.

Fifth. That said children were all under twenty-one years of age at the time said deed was executed, and the time defendant took possession of said ten acres; and all of them are still under twenty-one years of age, except said Susan J.; who is past that age, and is the wife of Franklin Price.

Sixth. That said Elizabeth and said children have been in possession of said sixty-acre tract, except the ten acres of which defendant has possession, ever since the death of said John Lacy in 1862.

Seventh. That said Elizabeth Mattox has never been authorized by either the court of common pleas or the circuit

court of Hendricks county, Indiana, or by any competent authority, to convey alone any of her real estate.

Eighth. That Elizabeth Mattox has never had any right or title to any of said sixty-acre tract of land by means other than what she derived by inheritance from her former husband, said John Lacy, deceased, and defendant claims only by the deed she executed to him aforesaid.

Upon which facts the court finds and decides the conclusions of law involved to be as follows, to wit:

First. That the plaintiffs, namely, Elizabeth Mattox, Susan J. Price, Richard T. Lacy, Mary A. Lacy, Louis M. Lacy, Sarah M. Lacy, and John W. Lacy, are tenants in common by inheritance from said John Lacy, deceased, of said sixty-acre tract of land, the interest of said Elizabeth Mattox being the one-third part thereof, and the interest of each of the others being the one-ninth part thereof.

Second. That the deed executed by said Elizabeth Mattox to the defendant, above mentioned, is null and void.

Third. That the defendant is not liable to the plaintiffs, or any of them, for rent for occupying and using during the year 1869 said ten acres above mentioned.

Fourth. And that said Elizabeth Mattox is estopped from denying and disputing the right of the defendant to the possession of said ten acres of land until said sum of three hundred and fifty dollars, with interest thereon, is repaid defendant, or tendered him.

To which finding and decision of the court upon the questions of law involved, the plaintiffs severally excepted.

Judgment was rendered as follows: that the deed executed by appellant to appellee be null and void to vest in appellee any title in fee simple to the land therein described; that the title of all of the plaintiffs in this cause to said land be forever quieted, so far as any claim thereto in fee simple by appellee is concerned; that appellant is estopped from denying and disputing the right of appellee to the use and possession of said land, until the sum of three hundred and

fifty dollars, with interest thereon, from June 19th, 1868, is repaid appellee, or tendered him; that appellee recover costs of plaintiffs.

The record in this cause presents for our consideration and determination the question of whether the decision of the court based upon the special finding of facts and the conclusions of law was correct. The appellant, by excepting to the decision of the court, concedes that the facts are correctly and fully found, but controverts the correctness of the conclusions of law. We will examine the conclusions of law in the order in which they were stated by the court below. The appellant admits that the first conclusion of law is correct, and we shall, therefore, not consider it further.

We are next to inquire whether the deed from Mrs. Mattox to the appellee was null and void. When the deed was executed Mrs. Mattox was a married woman, and she had not been authorized by any court to convey such lands without her husband joining with her. It is provided by section 6 of an act concerning real property and the alienation thereof, 1 G. & H. 258, that "the joint deed of the husband and the wife, shall be sufficient to convey and pass the lands of the wife, but not to bind her to any covenant therein."

It has been repeatedly held by this court that the capacity of a married woman to convey her real estate is the creature of statute law, and that to make her deed effectual the forms and solemnities prescribed by the statute must be pursued. *Davis* v. *Bartholomew*, 3 Ind. 485; *Woods* v. *Polhemus*, 8 Ind. 60; *Reese* v. *Cochran*, 10 Ind. 195; *Johnson* v. *Rockwell*, 12 Ind. 76; *Blackleach* v. *Harvey*, 14 Ind. 564.

It is well settled that the separate deed of a married woman is void, and passes no title to her lands.

The only interest possessed by Mrs. Mattox in the lands in controversy, was derived by inheritance from John Lacy, who was her former husband. Subsequent to the death of the said John Lacy, she intermarried with Solomon Mattox, who was her husband at the time the said deed was executed. Mrs. Mattox inherited from her first husband one-third in

fee simple of the lands of which he died seized and possessed, and if she had remained his widow she might have sold and conveyed the portion so inherited; but when she married a second husband, her power of alienation absolutely ceased and was terminated by section 18 of our law of descent, which reads as follows: "If a widow shall marry a second or any subsequent time holding real estate in virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." 1 G. & H. 294.

Under the section of the statute first above quoted, the deed under consideration was void, because her husband did not join with her, and under the section last quoted, it is void, because Mrs. Mattox had no power, either with or without the assent of her husband, to alienate such real estate. There can be no doubt that the deed was null and void, and passed no title or interest to the grantee. *Blackleach* v. *Harvey*, 14 Ind. 564; *Newby* v. *Hinshaw*, 22 Ind. 334; *Baxter* v. *Bodkin*, 25 Ind. 172; *Shumaker* v. *Johnson*, 35 Ind. 33.

The third conclusion of law was that the appellee was not liable to the plaintiffs, or any of them, for rent for occupying and using, during the year 1869, said ten acres of land mentioned in the deed from Mrs. Mattox to the said appellee.

We are very clearly of the opinion that the above conclusion of law was incorrect. It seems to be well settled that a person is not liable for rent, where he has taken the possession and occupied the premises under an executory or executed contract of purchase, but such rule only prevails where the contract was not absolutely null and void. In the case under consideration, Mrs. Mattox had no power to make an executory contract for the sale of said premises, or to convey any title thereto. The entire transaction was absolutely and unconditionally null and void. The parties to

the pretended contract are to be charged with a knowledge of the law, and, consequently, it is to be presumed that the appellee took the possession and occupied the said premises with full knowledge that the entire transaction was illegal and void. But suppose the contract was not void as to Mrs. Mattox, and that she could convey her interest in said ten acres, this could not affect the rights of the other plaintiffs. Mrs. Mattox and her children held the property as tenants in common, and such interest was undivided, for there had been no partition or division of the said lands. In such a case, a tenant could not convey any certain and described portion of the land, but might convey his or her undivided interest in the entire tract, which was held in common; and if the conveyance was valid, the purchaser would be substituted to the rights of the vendor, but such conveyance would not authorize such purchaser, without a partition, to occupy and use a particular portion of the premises. Such a purchaser would only be entitled to possess and enjoy the premises in common with the other tenants. We are very clearly of the opinion that the appellee was liable for the use and occupation of said premises, and that the court erred in its third conclusion of law.

We are next to inquire and determine whether the fourth conclusion of law was correct. The court found as a matter of law, that Mrs. Mattox was estopped from denying or disputing the right of the defendant to the possession of said ten acres of land, until said sum of three hundred and fifty dollars, with interest thereon, is repaid defendant or tendered him.

In our opinion, the above conclusions of law are radically and fatally wrong. The second and fourth conclusions are inconsistent with each other. In the second, the court held that the deed was null and void; and in the fourth, the court held that Mrs. Mattox was estopped by an act that was null and void. A party can never be estopped by an act that is illegal and void. Mrs. Mattox had no power to sell and convey said ten acres, or to put the appellee in possession

thereof. As we have seen, Mrs. Mattox held an undivided interest in said tract of land without any power of alienating the same. But if it were otherwise, we are unable to see how the appellee could hold a lien on the ten acres. If the contract had been valid, and Mrs. Mattox's deed conveyed her interest in said land, the appellee would only have an equitable lien upon her interest so conveyed. But under the facts as found by the court, the appellee has no lien upon the said ten acres for the purchase-money, nor is he entitled to retain the possession of the premises until he is repaid the amount he paid upon his void contract of purchase. The contract and deed being void, he cannot justify his possession under them. This ruling is not in conflict with that in *Jackson* v. *Finch*, 27 Ind. 316. That was an action to recover back from the husband, who was a party to the contract, and in whose legal custody the money was, the purchase-money; while in this, the appellee sought, and the court decreed, a lien on the separate property of Mrs. Mattox. The same statute that deprived her of the power of alienating such land, provided the modes in which she might encumber it.

Neither of these modes was adopted. An equity cannot grow out of an illegal and void transaction.

The judgment of the court below is erroneous for another reason. The court held that Mrs. Mattox was estopped to dispute the right of the appellee to retain the possession of the ten acres, but the court did not hold that the other plaintiffs were estopped, and yet it decreed that the appellee was entitled to hold the possession of land, two-thirds of which belonged to the other plaintiffs.

The court erred in its conclusions of law and its judgment, for which error the judgment must be reversed.

The court below found all the facts necessary to a complete and final determination of this cause. The court found that the rental value of the said ten acres, for the year 1869, was twenty-five dollars, and judgment should have been rendered for the plaintiffs for that sum. The other

facts found by the court entitled the plaintiffs to have their title quieted and the cloud placed on it by the existence of said deed, and the appellee's claim of title under said deed, removed. In our opinion the "justice of the case" does not require a new trial. 2 G. & H. 276, sec. 570; *Rice* v. *Rice*, 6 Ind. 100; *Bell's Adm'x* v. *Golding*, 27 Ind. 173.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to render a judgment for the plaintiffs for twenty-five dollars, and to quiet the title of the plaintiffs to the said ten acres, and to remove any cloud that may exist thereon by reason of said deed and the claim of title thereunder.

*C. Foley*, for appellant.