## DEWEESE ET AL. *v.* REAGAN ET AL.

WIDOW.—*Sale of Land.*—*Subsequent Marriage.*—*Conveyance.*—*Statute of Descents.*—Where a widow receives land by descent from her husband, and sells the same, and receives part of the consideration, and executes a bond to convey on full payment, and marries again before the time for the conveyance has arrived, and afterward, with her husband, executes a deed of conveyance, to the purchaser, the latter acquires a valid title, and he cannot treat the contract as rescinded and recover the money paid. A valid sale of the land by the widow while a *feme sole* cannot be affected by her subsequent marriage; and her conveyance after such marriage, in fulfilment of her contract before marriage, is not an alienation within the intent of section eighteen of the statute of descents.

APPEAL from the Marion Superior Court.

WORDEN, J.—Complaint by the appellants against the appellees, alleging, in substance, the following facts: That John B. Cox died intestate, seized in fee of certain real estate situate in said county of Marion, leaving surviving him a widow and children as his heirs, who are made parties to the action; that after the death of said Cox, partition was made between the said widow and children, of said real estate, and a certain tract containing ninety-three acres, more or less, and particularly described in the complaint, was allotted to the widow, and she thus became the owner thereof; that afterward the plaintiffs purchased from said widow, Harriet Cox, the tract of land thus assigned and set apart to her in said partition, for the sum of five thousand six hundred and ninety-two dollars, and paid her down thereon the sum of one thousand dollars, and executed to her several promissory notes for the residue of the purchase-money, and took from her a bond entitling the plaintiffs to the possession of the land, and binding herself to make them a deed therefor upon the payment of the residue of the purchase-money, as stipulated for, a copy of which bond is made a part of the complaint; that upon the purchase, the plaintiffs took possession of the property, and have ever since continued in possession, and have paid thereon, in ad-

dition to the one thousand dollars paid down, two notes, each for one thousand and ninety dollars, together with a large amount of interest, none of which has been refunded; that the said widow, Harriet Cox, after the execution of the contract, and after the receipt of a part of the purchase-money, but without having executed a deed to the plaintiffs for the land, intermarried with said Amos W. Reagan, and thereby disabled herself to make any conveyance to the plaintiffs of the said land; that after said marriage, the said Harriet and her said husband, Amos W. Reagan, executed and delivered to the plaintiffs a deed for said land, but the plaintiffs charge that said deed is void, and conveys no title to the plaintiffs by reason of the intermarriage aforesaid, and that by the marriage the said Harriet has put it out of her power to comply with her said obligation to make the plaintiffs a deed for said premises, and they pray that the contract be declared rescinded, and that they may recover back what they have paid on the purchase; and have a lien on the land therefor, and for other relief.

Demurrers were filed to the complaint for the want of a statement of facts sufficient, etc., by Reagan, and also by his wife, as well as the children and heirs of said Cox, deceased, by their guardian *ad litem.* These demurrers were sustained and final judgment rendered for the defendants, at special term, and the judgment was affirmed at general term.

The only error supposed to have been committed is involved in the ruling sustaining the demurrers to the complaint.

We are of opinion that on the facts stated in the complaint, the plaintiffs have acquired a good title to the land, and therefore that there is no ground for a rescission of the contract, or other relief. They have got what they contracted for, and are, of course, entitled to nothing more. Upon the death of Cox, one-third of his land descended to his widow, and it became absolutely hers, with the restriction that she could not alienate it during a second or subse-

quent coverture. But here she sold the land before any coverture had intervened, and the purchasers, the plaintiffs, could, upon the full performance of the contract on their part, have enforced specific performance against her, notwithstanding the coverture. This was decided in the case of *Newby* v. *Hinshaw*, 22 Ind. 334. See, also, *Goodrich* v. *Myers*, 25 Ind. 10. As the contract could have been enforced after the coverture, we think it clear that the deed executed by Mr. and Mrs. Reagan, to carry out the agreement made by her while she was sole, must be upheld as valid. It is a general rule of the law, that parties may voluntarily do without suit that which a court would require them to do by a suit. We adhere to the ruling in the case of *Newby* v. *Hinshaw, supra*, and hold that, although in such case a woman cannot alienate the land during such second or subsequent marriage, yet if she sold the land by a valid contract while she was sole, and before such coverture, a conveyance may be executed by her and her husband after coverture, in order to carry out and fulfil the contract of sale. The sale of the land is the substantial thing, and this cannot be effected during such second or subsequent coverture; but where a sale has been previously made, the execution of a deed in pursuance of such sale may well take place after such coverture. Lands which descend to a widow from her husband may be sold by her before she becomes again covert. When she makes such sale, the purchaser becomes, upon performance of the contract of purchase on his part, entitled to the land; and if, after making such sale, and before a conveyance is executed, the widow marries, either the purchaser must lose the land, or the widow, in conjunction with her subsequent husband, must be able to convey it in pursuance of her previous sale. This we think she may do. Such conveyance, made in pursuance of a contract of sale made by the widow before her subsequent marriage, and while she had full power to make such contract, is not an alienation of the land during the subsequent

marriage, within the spirit and meaning of the 18th section of the statute of descents.

The judgment below is affirmed, with costs.

*N. B. Taylor*, *F. Rand*, and *E. Taylor*, for appellants.

*A. G. Porter*, *B. Harrison*, and *C. C. Hines*, for appellees.