## WILLIAMS ET AL. *v.* VENNER ET AL.

DESCENT.— *Widow.*—*Action to Recover Possession of Real Estate.*—A person
died intestate, in 1861, seized of certain real estate in this State, leaving
surviving him a widow and a child by her, and also children by a previ-
ous wife; and one-third of said real estate was set apart to said widow as
such. Afterwards, her said child died, and she intermarried again, and
had another child by her second husband, and joined her second hus-
band in a conveyance of her said portion of said real estate.
*Held*, that said widow inherited one-third of the intestate's said real estate
in fee simple, and that, without regard to the question as to her right to
alienate her said portion during her subsequent marriage, said children
of the intestate by a previous wife, or those representing their interests,
could not recover the real estate so conveyed from one holding under
said conveyance.

From the Decatur Circuit Court.

*J. S. Scobey, O. B. Scobey* and *J. D. Miller,* for appellants.

*S. A. Bonner* and *J. L. Bracken,* for appellees.

BIDDLE, J. — Suit for the possession of real estate. Answer, denial. Trial by the court, finding for appellees, who were defendants below. Judgment on the finding, over a motion for a new trial, and exceptions. Appeal.

The only question made by the parties is as to the sufficiency of the evidence to sustain the finding. The facts are as follows:

Solomon Dillman died, intestate, in Decatur County, Indiana, on the 5th day of May, 1861, seized and in possession of a certain eighty acres of land, of which the land in controversy is a part. He left surviving him Rosetta Dillman, his widow, who was a second wife, and Emeline Dillman, William F. Dillman, Lafayette Dillman and Mahala J. Dillman, children by a previous wife, and Eliza Dillman, a child by his last wife, his heirs-at-law. The lands in dispute were set apart to Rosetta Dillman, in right of her inheritance as the widow of Solomon Dillman. Subsequently, Eliza Dillman, the daughter of Rosetta, died; and Rosetta afterwards intermarried with Eliel T. Willhoit, to whom she bore a child. On the 22d of July, 1862, Rosetta, joined by her husband, Willhoit, conveyed the lands described in the complaint to William George.

Without encumbering this opinion with names and abstracts of title, it may be stated at once that the appellants represent the interests of the children of Solomon Dillman by his first wife, and the appellees claim to stand on the rights of Rosetta Dillman, the second wife and widow of Solomon Dillman.

Section 17 of our statute of descents, 1 R. S. 1876, 411, enacts, that "if a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors." Section 18 restrains the alienation of lands so inherited during a second or subsequent coverture. The proviso in section 24 enacts,

"that if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death descend to his children."

By these sections, it will appear that the general law of descents from husband to wife is regulated by section 17. Section 18 imposes a restriction upon the alienation of such lands during a second or subsequent coverture. The proviso in section 24, upon the contingency of having no children by a second or subsequent wife, diverts the inheritance back to the original heirs, who would have inherited the land if no second or subsequent marriage had taken place. The lands in controversy are not embarrassed by the proviso in section 24, because Solomon Dillman died leaving surviving him the child, Eliza Dillman, by his second wife. We think, therefore, that Rosetta Dillman, the widow, inherited the lands in fee simple, under section 17. We do not inquire what title, if any, Rosetta, with her subsequent husband, Willhoit, conveyed by their deed to William George. As the appellants must recover upon the strength of their title, and not upon the weakness of the title of the appellees, and as they have shown no title in themselves, the court below committed no error in its rulings. *Ogle* v. *Stoops*, 11 Ind. 380; *Philpot* v. *Webb*, 20 Ind. 509; *Newby* v. *Hinshaw*, 22 Ind. 334; *Smith* v. *Smith*, 23 Ind. 202; *Jackson* v. *Finch*, 27 Ind. 316; *Deweese* v. *Reagan*, 40 Ind. 513; *Small* v. *Roberts*, 51 Ind. 281.

The judgment is affirmed, with costs.