## HERRING ET AL. *v.* KENEIPP.

[No. 7, 723.  Filed October 28, 1910.]

DESCENT AND DISTRIBUTION.—*Widows.*—*Remarriage.*—*Sales of Inheritance to Satisfy Debts Contracted During Widowhood.*—*Constitutional Law.*—*Conflicting Decisions.*—*Transfer.*—Where appellee contends that the decisions of the Supreme Court, with one exception, sustain the right of a creditor of a widow, after her second marriage, to sell her inherited land on execution to satisfy debts contracted by her during widowhood, and that such decisions have become a rule of property protected by the federal Constitution, and appellants contend that the Supreme Court in numerous decisions sustains the rule that land inherited is not liable on execution, during the widow's second marriage, for debts contracted during widowhood, the Appellate Court will transfer the case to the Supreme Court as one involving the effect of decisions of the Supreme Court, as well as a constitutional question.

From Gibson Circuit Court; *Herdis Clements,* Judge.

Suit by Henry Herring and another against George T. Keneipp.  From a judgment for defendant, plaintiffs appeal.  *Transferred to Supreme Court.*

*John W. Brady, Luther Benson* and *Claude A. Smith,* for appellants.

*Oscar M. Welborn, Lucius C. Embree, Morton C. Embree* and *William L. Smithers,* for appellee.

Per Curiam.—By the allegations of the cross-complaint and the answer, and by the bill of exceptions, the following facts are undisputed:  In January, 1875, Thomas Herring and Susan Herring were husband and wife, and appellants were their infant children.  Said Thomas Herring died at that time intestate, owning lands, and leaving no other heirs.  After the death of Thomas Herring, Susan Herring, while his widow, contracted divers, valid debts.  After the debts were contracted, and while they remained unpaid, Susan Herring married James L. Knowles.  After said marriage, to wit, in January, 1879, the several creditors of Susan

Knowles obtained judgments in the Gibson Circuit Court upon the debts aforesaid, and a decree subjecting her interest in the lands of which Thomas Herring died seized to sale on execution. Her interest in said lands was sold in April, 1879, to Henry M. Summers, who obtained a sheriff's deed therefor in April, 1880. In September, 1880, in a proceeding therefor in the Gibson Circuit Court, wherein the guardian of appellants and said Summers were parties, the lands whereof Thomas Herring died seized were partitioned, and the lands in dispute in this action were allotted to said Summers. By sales and mesne conveyances, the lands so allotted to Summers have passed to appellee and his grantors, who have been in possession of them under claim of ownership ever since the partition. Susan Knowles died in December, 1909, leaving her second husband, James L. Knowles, and her children by her first husband, Thomas Herring, still living.

Upon these facts appellee contends that from the day of the decision of the case of *Philpot* v. *Webb* (1863), 20 Ind. 509, to the present time, it has been the consistent law of this state that lands inherited by a widow from her deceased husband, by whom she has children living, may, during her subsequent marriage, be sold upon executions issued upon judgments recovered after such subsequent marriage, upon debts contracted by her during her widowhood (*Davis* v. *Kelly* [1892], 132 Ind. 309; *Goodrich* v. *Myers* [1865], 25 Ind. 10; *Murphy* v. *Henry* [1871], 35 Ind. 442, 447; *Small* v. *Roberts* [1875], 51 Ind. 281; *Horlacher* v. *Brafford* [1895], 141 Ind. 528; *Deweese* v. *Reagan* [1872], 40 Ind. 513; *Newby* v. *Hinshaw* [1864], 22 Ind. 334); that the only decision in this State which militates against this decision is *Smith* v. *Beard* (1880), 73 Ind. 159; that the ruling in that case is contrary to the meaning and intent of the statutes, is opposed to the ruling in *Philpot* v. *Webb, supra,* and the cases following it, is discredited by *Davis* v. *Kelly, supra,* and should be overruled; that appellee's title is pro-

tected by article 1, §10, of the Constitution of the United States (*Bowen* v. *Preston* [1874], 48 Ind. 367; *Haskett* v. *Maxey* [1892], 134 Ind. 182, 19 L. R. A. 379); that his rights guaranteed under the federal Constitution are in question, and such question is duly presented.

On the other hand, it is contended by appellants that at the time of contracting the debts mentioned, as well as at the times of rendering the judgments and sale on execution, it was and is now the settled law of this State that lands acquired by a woman in virtue of a previous marriage, by which she had children living, could not during the existence of a second or subsequent marriage be sold on execution against her for the payment of her debts (Henry, Probate Law [2d ed.] §899; *Cox* v. *Wood* [1863], 20 Ind. 54, 61; *Vinnedge* v. *Shaffer* [1871], 35 Ind. 341; *Bowers* v. *Van Winkle* [1872], 41 Ind. 432; *Schlemmer* v. *Rossler* [1877], 59 Ind. 326; *Smith* v. *Beard, supra; Haskett* v. *Hazel* [1882], 83 Ind. 534; *Miller* v. *Noble* [1882], 86 Ind. 527; *Wright* v. *Wright* (1884), 97 Ind. 444; *Davis* v. *Kelly, supra;* 1 R. S. 1852 p. 250; 1 R. S. 1876 p. 411; §3015 Burns 1908, §2484 R. S. 1881); that the case of *Philpot* v. *Webb, supra,* is in conflict with all the other decisions of the State, made both before and after it, upon the subject to which it relates, and for these reasons will not be presumed to have entered into contracts or affect property rights afterwards made or acquired (*Herron* v. *Whitely, etc., Castings Co.* (1911), 47 Ind. App. —; *Hibbits* v. *Jacks* [1884], 97 Ind. 570, 49 Am. Rep. 478; *Paul* v. *Davis* [1885], 100 Ind. 422); that article 1, §10, of the Constitution of the United States was aimed at the legislative power of the states, and not at the decisions of their courts; that it is only when a statute has received a given construction by a uniform and unbroken line of decisions that contracts made thereunder will be given effect, in the face of contrary construction adopted and established by subsequent decisions; that for these reasons said cause involves no question affecting the rights

guaranteed under the Constitution of the United States or of the State of Indiana.

In view of the fact that said cause involves the consideration of the effect of a number of the decisions of the Supreme Court of this State, applicable to said cause, and that a constitutional question is presented, it is hereby transferred to the Supreme Court for final decision.