*C. N. Pollard*, for appellant.

————————◦————————

## MATHERS *v.* SCOTT.

DESCENT. —*Statute.* —*Sections 23, 18, 22, and 15.*—Where the father of A. died intestate, the owner of certain real estate, leaving him and his mother the only heirs, and the mother afterward married B., by whom she had one child, and died, leaving her husband and said child and A. surviving;
*Held*, that A. took the entire real estate of which his father died seized.

APPEAL from the Orange Circuit Court.

DOWNEY, J.—This was an action to quiet the title of the plaintiff therein to certain real estate. The facts involved are that John F. Mathers, the father of the appellant, died intestate in the year 1863, the owner of the land in question, leaving the appellant and his widow, Elizabeth Mathers, as his only heirs. Elizabeth afterward intermarried with the appellee, Alexander C. Scott, by whom she had one child, Dora Scott. Then Elizabeth Scott died, leaving the said appellant and said Alexander C. Scott and Dora Scott surviving her.

Upon this state of facts the court found that said appellant

was the owner of five-sixths of the real estate, and Alexander C. Scott was the owner of one-sixth of it.

The appellant moved for a new trial, on the grounds that the finding was contrary to law and not sustained by sufficient evidence. This motion was overruled, and the plaintiff excepted and filed his bill of exceptions.

A question is made by counsel for the appellee as to the form of the bill of exceptions, but we are not inclined to allow the objection, as it seems to us that it would more properly have been made in the court below in settling the bill of exceptions, and that it ought not now to be made for the first time.

The decision of the main question depends upon the construction to be given to certain sections of the statute of descents. By section 23, when John F. Mathers died, the title to the real estate descended one-half to the appellant and the other half to his widow, Elizabeth Mathers, in fee simple. The widow, however, took her one-half subject to section 18 of the act, which is as follows: "If a widow shall marry a second or any subsequent time holding real estate in virtue of any previous marriage such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." If this section stood alone, there would be no question about the devolution of the title. But it is provided in section 22 that, "if a wife die, testate or intestate, leaving a widower, one-third of her real estate shall descend to him; subject, however, to its proportion of the debts of the wife contracted before marriage." And section 15 provides, that "every rule of descent or distribution prescribed by this act, shall be subject to the provisions made in behalf of the surviving husband or wife of the decedent."

We apprehend that the construction placed upon these sections of the statute, by which the court was led to give the second husband a part of the estate derived from the first

Mathers *v.* Scott.

husband, was exactly what the legislature intended to guard against. We think section 22 must be held to apply to such real estate of the wife as follows the ordinary rules of descent, and that it cannot apply to the real estate of the wife held in virtue of a previous marriage. It was not intended that the second husband should inherit any of the property of the first, through the wife. The very act of marrying the widow places it out of her power to alienate the land which she has inherited from the former husband; and in the event of her death during such marriage, the quality of the estate which she had in the land, as a descendible estate, in the ordinary sense of the term, is taken away from it, and it "shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." As the appellant is a child, and the only child, of the marriage in virtue of which such real estate came to the widow, the estate which she had at her death went to him. We do not regard section 15 as materially affecting the question. It is intended to secure such provisions as are elsewhere made in the act in favor of the surviving husband or wife. It cannot control the act which imposes upon the wife a disability to convey, and impresses upon her estate a limited and peculiar character by the very act of marriage. The marriage, which is the act relied upon to create the right in the husband, is the very act which makes it impossible for him ever to acquire any interest in the land by inheritance from the wife.

After mature consideration, we are of the opinion that neither Alexander C. Scott, nor Dora Scott, is entitled to any part of the estate; but that it all belongs to the appellant.

The judgment is reversed, with costs, and the cause remanded.

*F. Wilson* and *A. C. Voris*, for appellant.

*T. L. Collins*, for appellee.