Smith *v.* Beard *et al.*

No. 7140.

## SMITH *v.* BEARD ET AL.

MARRIED WOMAN.— *Contract of, Before Marriage.*—*Separate Property.*— *Personal Judgment.*—*Statute Construed.*—Section 3, 1 R. S. 1876, p. 550, provides for and authorizes a personal judgment against a married woman upon her contract made before marriage, to be levied of her property only, then owned or thereafter acquired by her.

SAME.—*Subsequent Coverture.*—*Real Estate by Virtue of Previous Marriage.*—*Descent.*—*Execution.*—Where real estate has descended to a woman by virtue of a previous marriage, and such woman subsequently marries again, such real estate can not, under section 18 of the law of descents, be levied upon and sold on execution against her during her subsequent coverture.

From the Johnson Circuit Court.

*T. W. Woollen,* for appellant.

HOWK, J.—This was a suit by the appellee John Beard, against his co-appellees, Joseph Speigle and others, for the partition of certain real estate, particularly described, in Johnson county. After the commencement of the action, upon the application of the appellant, Maria Smith, she was admitted as a defendant in the suit, and she filed what was called an answer, but was, in fact, a counter-claim or cross complaint, against the appellee Beard, the plaintiff below, demanding affirmative relief therein.

The appellee Beard demurred to the appellant's cross complaint, for the want of sufficient facts therein, which demurrer was sustained by the court, and to this decision the appellant excepted. She then answered the complaint by a general denial thereof. The trial of the cause by the court resulted in a final judgment of partition, as prayed for in the complaint.

The only error assigned by the appellant in this court is the decision of the circuit court in sustaining the demurrer to her affirmative answer, or cross complaint.

The appellant, Maria Smith, alleged, in substance, that the appellee John Beard claimed to own the land mentioned in

his complaint, by virtue of a deed to him, from Calvin Webb and wife, dated on the —— day of ———, 187—; that said Webb obtained his title to said land by deed from the sheriff of said Johnson county, on a sale made under a judgment against Ambrose Smith and said Maria Smith, the appellant, which deed was dated on the —— day of ———, 187—, and copies of the two deeds were therewith filed. And the appellant averred that, on the —— day of ———, 1863, Philip I. Speigle, then the husband of the appellant, died, leaving surviving him the appellant, his widow, and the other defendants to this suit, his children and heirs at law, who were, also, her children; that, at the time of his death, the said Philip I. Speigle was seized, in fee simple, of the lands in the complaint mentioned; that afterward, and while the appellant was sole, and remained the widow of said Philip, to wit, on January 2d, 1865, she executed to one Moses R. Gilmore her certain promissory note for $141, due one day after date; that afterward, on the —— day of ———, 1868, the appellant intermarried with Ambrose Smith, who had since been, and then was, her husband; that, before her said second marriage, the appellant had paid to said Gilmore, on said note, all thereof but $25; that afterward, and while the appellant was the wife of said Ambrose Smith, the said Gilmore having transferred her said note to one Calvin F. Webb, he, the said Webb, brought suit thereon against her and her husband, Ambrose Smith, before a justice of the peace of said Johnson county, and recovered a judgment against her and her said husband, on said note, for the sum of $38.74 and costs, to be executed without relief from valuation or appraisement laws; that the said Calvin F. Webb, having obtained a return of *nulla bona* to an execution issued to a constable, took a transcript of said judgment and filed the same in the clerk's office of the court below, and obtained thereon an execution directed to the sheriff of said county, who, by virtue thereof, levied upon and sold

the appellant's interest in said land, and the same not having been redeemed within one year from said sale, to wit, on the —— day of ————, 1874, the said sheriff executed a deed to the said Calvin F. Webb, who was the purchaser at said sale, for all the interest of the appellant in said land, and the said Calvin F. Webb afterward conveyed the title thus obtained to the appellee John Beard.

And the appellant further said that the said judgment and proceedings before the said justice of the peace showed that at the time of the institution of said suit, and of the rendition of said judgment, she, the appellant, was a married woman, and that, by reason thereof, no personal judgment could be rendered against her, and the same was void. Wherefore the appellant demanded judgment against the appellee John Beard, the plaintiff below, that he should not have and maintain his said action for partition, etc., and for all other proper relief.

It is proper that we should note the fact, in the outset of our examination of the questions presented for our decision, that the appellee John Beard has not favored this court with any brief or argument in support of the decision of the circuit court in his favor.

In his complaint for partition, the appellee Beard claimed to be the owner in fee simple of the undivided one-third of the land described therein, being the same interest which descended to the appellant, as widow, upon the death of her first husband, Philip, I. Speigle. The appellant's counsel claims that, in her answer or cross complaint, the appellant showed two objections to the plaintiff's right or claim of title, as follows :

"1. That the land descended to her from her former husband as her third, under the statute, and that it was sold on a judgment rendered against her, during her second coverture, she being still married at the time of the sale, and having children by her former husband ;

"2.   That the record of the judgment showed that she was a married woman at the time, and that a personal judgment was rendered against her."

In his brief, counsel says: "As to the second question raised by the answer, I have but little to say, but think the rule is this : Where the plaintiff does not show that the defendant is a married woman, she must set it up ; where it is disclosed in either way, judgment can only go against her separate property."   In support of his view of the rule in such cases, counsel has cited section 3 of "An act touching the marriage relation and liabilities incident thereto," approved May 31st, 1852.   This section provides that "When any woman, against whom any liability exists, shall marry, and has or acquires lands, judgment on such liability may be rendered against her and her husband jointly, to be levied of such lands only."   1 R. S. 1876, p. 550.   It seems to us that this section of the statute does not support the view of counsel, in regard to the judgment which may be rendered against a married woman, upon her contract executed before her marriage.   On the contrary, we think that this section, fairly construed, provides for and authorizes a personal judgment against a married woman upon her contract made before her marriage, to be levied of her property only, then owned or thereafter acquired by her.   We are of the opinion, therefore, that the judgment against the appellant, described in her answer or cross complaint, was legal and valid, and not void on account of her coverture.

As to the first objection raised by the answer or cross complaint to the plaintiff's right or claim of title, counsel claims in argument that the case of *Schlemmer* v. *Rossler*, 59 Ind. 326, is decisive of the question presented, in the appellant's favor, and in this respect we fully agree with the claim of counsel.   In the case cited, it was held by this court that, under the provisions of section 18 of the law of descents, where real estate has descended to a woman by virtue

of her marriage with a deceased husband, and such woman subsequently marries again, the real estate so held by her can not be levied upon and sold on execution against her, during her subsequent coverture. We adhere to the rule thus laid down as being, we think, the safer and wiser one, under the restrictive provisions of said section 18 of the law of descents.

Applying this rule to the case at bar, it seems to us that the facts alleged by the appellant in her answer were sufficient, if true, and the demurrer admitted their truth, to show that the plaintiff below, John Beard, had no valid right or claim of title to the interest in the land, which had descended to the appellant, as widow, from her deceased former husband, and was held by her during her subsequent coverture, at the times of the sheriff's levy, sale and conveyance thereof.

We are of the opinion, therefore, that the court erred in sustaining the demurrer of the appellee Beard to the appellant's answer or cross complaint.

The judgment is reversed, at the costs of the appellee John Beard, and the cause is remanded with instructions to overrule his demurrer to the appellant's answer, and for further proceedings in accordance with this opinion.