No. 9547.

## HASKETT ET AL. *v.* HAZEL.

MARRIED WOMAN.—*Real Estate in Virtue of Previous Marriage.—Descents.—Execution.—Exemption.—Subsequent Marriage.*—The real estate held by a married woman in virtue of any previous marriage may not be levied upon and sold under execution against her during her second or any subsequent marriage.

SAME.—*Statute Construed.*—Section 18 of the statute of descents, as amended March 29th, 1879, R. S. 1881, section 2484, constituted an exception to section 9 of the act of March 25th, 1879, Acts 1879, p. 160, both going into effect May 31st, 1879, and being *in pari materia.*

From the Tipton Circuit Court.

*N. R. Linsday, T. A. DeLand, R. Vaile* and *J. F. Vaile,* for appellants.

*M. Bell, —— Purdum, R. B. Beauchamp* and *G. H. Gifford,* for appellee. .

FRANKLIN, C.—Appellee commenced this suit for the purpose of setting aside a sheriff's sale of real estate.

A demurrer was overruled to the complaint, and an exception reserved, which is the only question presented in this case.

The facts alleged in the complaint are substantially the following:

John Griswold died intestate in 1856, the owner of certain real estate, leaving surviving him his widow, the plaintiff, and minor children; that, in the division of said real estate among the heirs,. the land in controversy was set apart to her as such widow; that she has children by said Griswold now living, and descendants of some which are dead; that she was married to William Hazel, her present husband, in 1860, by whom she has no children; that judgment was rendered against her by default, in favor of the defendants Robert E. Reese and Byron E. Haskett, on the 8th day of May, 1878, upon a note executed by her while the wife of said William Hazel; that execution was issued upon said judgment, and the real estate

in question was sold thereon to the judgment plaintiffs on the 10th day of April, 1880, they paying the costs and receipting the judgment; that the judgment plaintiffs made said purchase with a full knowledge of all the facts; that a certificate of purchase was thereupon executed by the sheriff to said purchasers, which is a cloud upon the title to said real estate.

The only question presented is, as to whether the land was subject to sale under execution upon a judgment against appellee.

It is admitted, that, under the 18th section of the act regulating descents, etc., 1 R. S. 1876, p. 411, and the cases of *Schlemmer* v. *Rossler*, 59 Ind. 326, and *Smith* v. *Beard*, 73 Ind. 159, if this case is governed thereby, the question should be decided against appellants. But appellants insist that the rule has been changed by the 9th section of the act concerning married women, approved March 25th, 1879, Acts 1879, p. 161, which reads as follows: "Whenever a judgment is recovered against a married woman, her separate property may be sold on execution to satisfy the same, as in other cases," with certain exceptions, as wearing apparel, etc. While the language of the act is broad enough to cover and embrace all of a married woman's property, it was evidently the intention of the Legislature not to include property held in the manner herein described; for, at the same session, on the 29th day of March, 1879, the Legislature passed another act amending said section 18 of the descent law, re-enacting and retaining the former prohibition against alienation. See Acts 1879, p. 123. And if there should be between this and the former act an irreconcilable conflict, the later act would, by implication, to the extent of the conflict, repeal the former; but if they should be considered *in pari materia*, both being passed at the same session, and going into force at the same time, and they are required to be construed together, then the later should be considered as an exception to the former, and both be enforced, which would leave this question of the sale of married women's real estate held in this way, under exe-

cution, in the same condition that it was before the passage of the first act of March 25th, 1879. In the case of *Schlemmer* v. *Rossler*, *supra*, this court held that the prohibition against alienation contained in the 18th section of the law of descents, applied as well against encumbering by mortgage or judgment liens, which was a very similar case to the one under consideration. See the authorities therein cited. That case was fully approved by the recent case of *Smith* v. *Beard*, *supra*.

We think it is well settled that where lands are held by a married woman by virtue of a former marriage, she having children alive by the former marriage, they are not subject to sale under an execution issued upon a judgment against her. The object of the law is to place real estate held in this way beyond the reach of improvident husbands or exacting creditors, and thereby prevent it from being directly or indirectly squandered; to retain it in the possession of the married woman for her support and that of the children by the former marriage so long as the subsequent marital relation exists, in order that it may be handed down unincumbered to those intended by the law to receive it.

The complaint states facts sufficient to constitute a good cause of action. There was no error in overruling the demurrer to it.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.