Wright *v.* Wright *et al.*

No. 11,708.

WRIGHT *v.* WRIGHT ET AL.

MARRIED WOMAN.—*Judgment.*—A judgment against a married woman is valid as against collateral attack.

SAME.—*Parties.—Statute Repealed.*—Section 5129, R. S. 1881, which required that suits concerning the lands of a married woman should be prosecuted by or against the husband and wife jointly, is repealed as to suits in her behalf, by section 254.

SAME.—*Descent.—Sheriff's Sale.—Statute Construed.*—Section 2484, R. S. 1881, prevents the sale on execution against a married woman, during her second marriage, of lands held by her in virtue of a previous marriage, if she have children alive by such marriage.

SAME.—*Real Estate, Action to Recover.—Limitation of Action.—Decedents' Estates.*—A suit by a woman to recover lands sold on execution against her while married is barred if brought after the lapse of ten years, and after two years from the death of her husband.

From the Tipton Circuit Court.

*J. M. Fippen,* for appellant.

*D. Waugh* and *J. P. Kemp,* for appellees.

ZOLLARS, J.—Appellant brought this action to recover the possession of real estate. The overruling of a demurrer to the first paragraph of the answer is the only question presented for review here. The material portions of that answer may be epitomized as follows: Amasa P. Castor died intestate in 1864, leaving appellant as his widow, and children by her, who are still living, as his heirs at law. Previous to his death his real estate had been sold upon execution. In 1866 appellant intermarried with one Martin Wright, by whom she had no children. After this marriage she instituted a proceeding in partition against the execution-purchaser of her former husband's real estate, and such proceedings were had that one-third of the real estate was set off to her, and $100 of the costs of that proceeding was adjudged against her. In 1868 the portion thus set off to her was sold by the sheriff upon an execution issued upon the judgment for costs. The purchaser at that sale assigned the

sheriff's certificate to appellee Louisa Wright, and the real estate not having been redeemed, the sheriff executed a deed to her in January, 1870, and put her in possession of the real estate. From that time forth she has been in possession, claiming it as the absolute owner, and making valuable improvements thereon. Wright, the second husband, died in 1874, since which time appellant has remained unmarried. This action to recover the real estate so held by appellee was commenced in December, 1883. The contention of appellant is that the sale of her real estate by the sheriff during the life of her second husband conveyed no title to appellee Louisa Wright: *First.* Because the 18th section of the law of descent inhibited the alienation of such lands during a second or subsequent marriage; and, *Second.* Because the judgment for costs against her in the partition proceedings was void, she, at that time, being a married woman, and her husband not having been joined with her in the action. It is too late now to raise any question as to the validity of the judgment for costs. Her time to object to that was when the judgment was rendered against her. A judgment against a married woman is valid until set aside in some proper proceeding. It can not be treated as void, and overthrown in a collateral attack. *Landers* v. *Douglas*, 46 Ind. 522; *Burk* v. *Hill*, 55 Ind. 419; *Gall* v. *Fryberger*, 75 Ind. 98.

It is also too late for appellant to raise the question that her husband was not a party with her in the partition proceeding. She commenced and prosecuted the action without him, and was awarded the real estate in severalty. It is through that proceeding that she claims title to it. When she impeaches that proceeding, she impeaches her own title. We are cited to section 7 of the act approved on the 31st day of May, 1852, 1 R. S. 1876, p. 551, which provides that all suits relative to the separate lands of a married woman shall be prosecuted by or against the husband and wife jointly. This section is copied into the revision of 1881 as section 5129. We think that the practice act, approved on the 18th

day of June, 1852, was in conflict with the above section, and hence, being of later date, repealed it so far as there was a conflict. That act declared, in broad terms, that when the action concerns the wife's separate property, she might sue alone without joining the husband. 2 R. S. 1876, p. 36. The wife's separate land is clearly her separate property. The practice act of 1881 contains a similar provision. R. S. 1881, section 254.

The 18th section of the statute of descents, 1 R. S. 1876, p. 411, provided that if a widow should marry a second or any subsequent time, holding real estate in virtue of any previous marriage, and there were children alive by such marriage, such widow could not, during such second or subsequent marriage, with or without the assent of her husband, alienate such real estate; and that if during such marriage such widow should die, such real estate should go to her children by the marriage in virtue of which it came to her.

This act was amended in 1879, R. S. 1881, section 2484, but the amendment does not affect this case. Under the original act, it has been held that such lands can not be sold upon execution, during a second or subsequent marriage, so as to convey to the purchaser a title that will defeat the claims of the widow or children. *Schlemmer* v. *Rossler*, 59 Ind. 326; *Smith* v. *Beard*, 73 Ind. 159; *Haskett* v. *Hazel*, 83 Ind. 534. See, also, upon the question of alienation, *Vinnedge* v. *Shaffer*, 35 Ind. 341; *Bowers* v. *Van Winkle*, 41 Ind. 432; *Connecticut Mutual Life Ins. Co.* v. *Athon*, 78 Ind. 10.

Appellees have furnished no brief, nor are we otherwise informed of the ground upon which the court below overruled the demurrer to the answer. The answer does, and seems to have been intended to, raise the question of the statute of limitations. It is probable that the demurrer to it was overruled upon the ground that the action is barred by that statute. It is provided by that statute, that actions for the recovery of real property, sold on execution, must be brought by the execution debtor, etc., within ten years after

the sale. Persons being under legal disabilities when the cause of action accrues may bring their actions within two years after the disabilities are removed. Sections 293 and 296, R. S. 1881; 2 R. S. 1876, pp. 123 and 126.

Under this statute the answer is sufficient. As already stated, the real estate was sold by the sheriff in 1868. In 1870 the sheriff executed and delivered a deed to appellee Louisa Wright, and put her in possession of the property, which possession she has since held. Appellant's second husband died in March, 1874. From that time until this action was commenced in December, 1883, appellant remained unmarried. It will thus be seen that from the execution of the sheriff's deed until the institution of this action, nearly thirteen years had elapsed, during which time the grantee, under that deed, was in the possession of the property, and that for nearly ten years of that time appellant was free from any legal disability. There was, therefore, no error in overruling the demurrer to the answer. Whether the sale was voidable or void under the facts stated in the answer, appellant's action for the recovery of the property was barred by the statute. *Gray* v. *Stiver*, 24 Ind. 174; *Hatfield* v. *Jackson*, 50 Ind. 507; *Brown* v. *Maher*, 68 Ind. 14; *Second Nat'l Bank* v. *Corey*, 94 Ind. 457.

The judgment is affirmed, with costs.

Filed Oct. 9, 1884.