Filed Oct. 30, 1886.

———————

No. 12,795.

THE ÆTNA LIFE INSURANCE COMPANY *v.* BUCK ET AL.

MORTGAGE.—*Married Woman.—Land Held in Virtue of Previous Marriage.— Mortgage During Second Coverture Void.—Descent.*—A mortgage executed by a married woman during a second coverture, her husband joining, upon land held by her in virtue of a previous marriage, there being living children by the former marriage, is void under section 2484, R. S. 1881.

SAME.—*Subrogation.—Satisfied Mortgage.—Taxes.—Voluntary Payment.*—In such case, the mortgagee is not entitled to be subrogated to a valid mortgage which was paid off and satisfied, long before his mortgage was executed, with the proceeds of an intervening invalid mortgage, nor to the lien of the State for taxes voluntarily paid.

From the Montgomery Circuit Court.

*B. Crane*, for appellant.

*T. H. Ristine*, for appellees.

Howk, C. J.—In this case the only error assigned here by appellant, the plaintiff below, is the sustaining of appellees' demurrers to its complaint.

Appellant alleged in its complaint that on, and for more than one year prior to, the 25th day of November, 1873, appellee Lavina Buck, then Lavina Hughes, widow, was the owner in fee simple, by descent from her deceased husband, James Hughes, who died seized thereof, of the undivided one-third part of certain described real estate, in Montgomery county, and that her co-appellees were the owners in fee simple, and tenants in common, of the undivided two-thirds part of such real estate, as the children and heirs at law of said James Hughes, who died seized thereof in 1864, intestate; that on the 25th day of November, 1873, appellee Lavina Hughes, widow, now Lavina Buck, borrowed of her co-defendant, Harrison McDaniel, the sum of $200, and executed to him her note therefor, and a mortgage on her undivided interest in such real estate to secure the payment of such note, both of the date last named; that such mortgage was duly recorded on December 19th, 1873, in the recorder's office of such county; and that the mortgaged premises were the only property subject to execution the mortgagor had at the time the mortgage was executed, or at any time subsequent thereto, and that the $200 were loaned solely on the security of such mortgage.

Appellant further alleged that afterwards, in 187-, appellee Lavina Hughes intermarried with her co-defendant, Samuel Buck, and at the September term, 1875, of the court below, she and her husband, Samuel Buck, commenced an action against the tenants in common with her of such real estate, for the partition thereof, according to their respective interests therein; and that such proceedings were afterwards had in such action as that on the 1st day of October, 1875, a de-

cree of partition was duly rendered therein by such court, setting off to appellee Lavina Buck, in severalty, a certain described part of such real estate, containing 48.67 acres, as her share thereof; and that after such tenants in common and children were of full age, on April 29th, 1885, they and their respective husbands and wives, and said Lavina and Samuel Buck, executed a deed conveying such 48.67 acres of land to said David W. Hughes, one of such children, who accepted such deed with full knowledge of all the rights of the appellant and of all the facts, stated in its complaint herein.

Appellant also averred that on March 4th, 1879, the principal and interest on the note and mortgage, hereinbefore described, amounted to the sum of $320, and were due and unpaid, and the taxes and other legal assessments on such 48.67 acres of land, amounting to $100, were due, delinquent and unpaid, and a lien on such land, and on said day, for the purpose of raising the necessary money to pay off and satisfy the aforesaid mortgage, appellees Lavina and Samuel Buck executed to one Jane Galey, to secure a loan of $500 made by her to said Lavina and Samuel Buck, a mortgage on such 48.67 acres of land; that such mortgage was duly recorded, on March 4th, 1879, in the recorder's office of such county; that such sum of $500 was borrowed, and such mortgage was duly executed, by said Lavina and Samuel Buck, to raise the necessary money to pay the $320, then due and owing on the McDaniel mortgage, and $60 due and owing for taxes and assessments, which were a lien on such mortgaged lands; that out of said money at the request of said Lavina and Samuel Buck, Jane Galey paid the $320 to said McDaniel, who at the time satisfied his mortgage on the record thereof, and she also paid the $60 then due on such taxes and assessments.

Appellant further alleged that on the 10th day of March, 1881, the principal and interest on the note and mortgage, executed by Lavina and Samuel Buck to Jane Galey, amounted to the sum of $600, which was due and unpaid, and taxes and other legal assessments on such 48.67 acres of land, amount-

ing to $100, were due, delinquent and unpaid, and a lien on such land; that on the day last named, for the purpose of raising the money to pay off and satisfy the Galey mortgage and such taxes and assessments, Lavina and Samuel Buck executed to the appellant a mortgage on such land to secure a loan of $800, that day made by appellant to said Lavina Buck, and evidenced by the note of Lavina and Samuel Buck; that such mortgage was recorded on March 14th, 1881, in the recorder's office of such county; that at the request of Lavina and Samuel Buck, out of the money so borrowed by them, appellant applied the sum of $600 to the payment and satisfaction of the Galey note and mortgage, and $100 to the payment of such taxes and assessments; that Lavina and Samuel Buck were then, and had been for fifteen years last past, wholly insolvent and possessed of no property subject to execution, except such land of Lavina Buck; that all of the loans, mentioned in the complaint, were made upon the security of the mortgaged lands, and not upon the personal responsibility of either of the mortgagors; and that Samuel Buck executed the notes and mortgages, as the surety of his wife, and received none of the money; and that the notes executed to appellant were due and unpaid.

The other appellees were made defendants, on the ground that they claimed to have an interest in the mortgaged lands, adverse to that of appellant, and appellant averred that their interest was junior and inferior to its mortgage lien. Wherefore, etc.

It is very clear that the mortgage, executed by Lavina and Samuel Buck to appellant, was absolutely void, and can not be enforced. The complaint shows that Lavina held the real estate, described in such mortgage, in virtue of her previous marriage with James Hughes, and that there were children alive by such marriage. The mortgage to the appellant, therefore, was executed by Lavina and her then husband, Samuel Buck, during her second or subsequent marriage, in

direct contravention of the express provisions of section 18 of the act of May 14th, 1852, regulating descents, etc., as such section is amended by an act which became in force May 31st, 1879.    Section 2484, R. S. 1881 ; *Vinnedge* v. *Shaffer*, 35 Ind. 341 ; *Smith* v. *Beard*, 73 Ind. 159 ; *Connecticut M. L. Ins. Co.* v. *Athon*, 78 Ind. 10 ; *Wright* v. *Wright*, 97 Ind. 444.

For the same reasons and upon the same authorities, it must be held, also, that the mortgage to Jane Galey, mentioned in appellant's complaint, was void and could not have been enforced.

But it is claimed by appellant's counsel, and on this claim the case is chiefly rested in this court, that the McDaniel mortgage was valid and legal, and that appellant ought to be subrogated to that mortgage and the right to foreclose it. That mortgage was paid off and satisfied long before appellant made its loan and took its mortgage on the faith of the apparent title of Lavina Buck to the mortgaged land ; and it is not claimed that any of appellant's money was ever applied by any one to the payment and satisfaction of the McDaniel debt and mortgage.    There is no equitable ground, therefore, upon which appellant's claim to be subrogated to the McDaniel mortgage can be sustained.    *Ritter* v. *Cost*, 99 Ind. 80 ; *Catterlin* v. *Armstrong*, 101 Ind. 258 ; *Birke* v. *Abbott*, 103 Ind. 1 (53 Am. R. 474).    Nor can appellant's claim for subrogation to the lien of the State, for taxes and assessments voluntarily paid, be sustained upon either principle or authority.

The demurrers to the complaint herein were correctly sustained.

The judgment is affirmed, with costs.

Filed Nov. 6, 1886.