Filed Oct. 5, 1892.

---

### No. 15,914.

### DAVIS, ADMINISTRATOR, *v.* KELLY.

132  309
141  532

DECEDENTS' ESTATES.—*Real Estate by First Marriage.—Children Surviving. —Not Subject to Debts Contracted During Second Marriage.*—Where a widow re-marries, holding real estate by virtue of her previous marriage, and there are children alive by such first marriage, such real estate can not, after her death, be sold by her administrator to make assets for the payment of debts contracted during her second marriage.

From the Fulton Circuit Court.

*G. W. Holman* and *R. C. Stephenson,* for appellant.
*J. C. Nye* and *R. A. Nye,* for appellee.

COFFEY, J.—James Bennett died intestate, the owner of the land in controversy in this suit, leaving Hannah Bennett as his widow, and children alive by her. She subsequently intermarried with John B. Shaffer, and died during the existence of such second marriage. The land involved in this suit was set off to her as her share in the lands of James Bennett, her first husband. During her second marriage she contracted certain debts, and died leaving them unpaid. This was an application by her administrator to sell the land which descended to her from her first husband to make assets with which to pay the debts contracted during the existence of the second marriage. It was held by the circuit court that the land was not subject to sale for the payment of such debts. The assignment of error calls in question the correctness of this ruling.

Section 2484, R. S. 1881, provides that "If a widow shall marry a second or subsequent time, holding real estate in virtue of any previous marriage, and there be a child or children or their descendants alive by such marriage, such widow may not, during such second or subsequent marriage, with or without the assent of her husband, alienate such real estate; and, if such widow shall die during such marriage, such real estate shall go to such children by the marriage in virtue of which such real estate came to her, if any there be."

In the case of *Philpot* v. *Webb*, 20 Ind. 509, upon the authority of which the appellant here relies for a reversal of the ruling of the circuit court, Mrs. Wagoner, while a widow, became indebted to Webb and then intermarried with one Henderson. During the second marriage she died, and it was held by this court that the land which came to her by her first husband was liable for the payment of the debt she contracted prior to her second marriage. There is much justice in this holding, for it would be unreasonable to adjudge that she could defeat the collection of her just debts by contracting a second or subsequent marriage. But in the

Davis, Administrator, *v.* Kelly.

later case of *Smith* v. *Beard*, 73 Ind. 159, it was held that the land which a widow takes from her first husband, where she has children alive by him, can not be sold on execution during the existence of a second or subsequent marriage, even for the payment of a debt contracted during widowhood. This case is based upon and follows the case of *Schlemmer* v. *Rossler*, 59 Ind. 326. In the latter case it was said by this court: " The object of the statute seems to be two-fold, first, to protect a woman who has thus received real estate by virtue of a former marriage from improvident and injudicious alienations thereof during a second or subsequent marriage, and, second, to preserve the property for the children of the marriage in virtue of which she received it where there are such children, in case of her death during such second or subsequent marriage."

If she could so encumber the property by contracting debts during the existence of the second marriage as to require its sale upon her death for their payment, one of the purposes of the statute would be defeated, for it could not be said that the property was preserved for the children by the former husband if it could be sold to pay such debts. So far as the result affects the' children of the former husband, there would be no difference between permitting the mother to alienate the land during the existence of the second marriage and selling it, after her death, for the payment of debts contracted during such marriage. The children would lose the land in either event. In our opinion the land in controversy is not subject to be sold to make assets for the payment of debts contracted by Mrs. Shaffer during her second marriage. As bearing upon the question now under consideration, see *Flenner* v. *Travellers' Ins. Co.*, 89 Ind. 164; *Bryan* v. *Uland*, 101 Ind. 477 ; *Wright* v. *Wright*, 97 Ind. 444; *Erwin* v. *Garner*, 108 Ind. 488.

Judgment affirmed.

Filed Oct. 4, 1892.