Filed March 16, 1893.

---

No. 15,529.

## IREY ET AL. *v.* MATER ET AL.

Title.—*Real Estate.—Adverse Possession.—Statute of Limitations.— Descent.—Estoppel.—Coverture.—Administrators' Sale.*—A. died intestate in 1861, leaving a widow and several children by her. A.'s widow and another person were appointed administrators of A.'s estate. A.'s widow was appointed guardian of the minor heirs of the estate. In 1862 the administrators applied for an order to sell the lands of the estate for the payment of debts of the estate, and pending such petition, the widow, as guardian of the children, who were all minor heirs, appeared in open court, and, for herself, and as such guardian, asked the granting of such order, said children then being parties defendant to said petition. In 1863 A.'s widow intermarried with B., and in December, 1864, said administrators sold said lands to C., and delivered possession thereof to him, and in February, 1865, executed a deed for said land to C., the deed reciting the marriage of the widow to B., and the widow receiving one-third of the purchase-money. On January 2d, 1865, A.'s widow and

Irey *et al. v.* Mater *et al.*

B., her husband, executed a deed to C. for said lands, which lands remained in the uninterrupted, exclusive, and open possession of C. and his grantees until November, 1886, when A.'s widow and B., her husband, brought suit to recover said land and the accrued rents and profits.

*Held*, that the marriage of the widow before the sale suspended all her power, under the statute, of alienating her interest in the lands, and that although the widow was a party to the proceedings, the court had no power to order the sale of the widow's interest for the payment of debts.

*Held*, also, that as the statute expressly forbade a conveyance during the widow's second coverture, the execution of the deed and the receipt of a portion of the purchase-money may not be considered in connection with the consent to the order of sale, in ascertaining the existence of an estoppel.

*Held*, also, that as the administrators' deed, upon its face, expressly disclosed the remarriage of A.'s widow before the sale, placed C. in a position where he could not assert an estoppel.

*Held*, also, that, as to A.'s widow, so far as concerns her interest in the whole of the land, she is barred by the twenty years' statute of limitations to assert any title.

*Held*, also, that as to the two-thirds part of said lands subject to sale for the payment of debts of the estate, the appellees, the children of A., had no interest which had not ripened into an adverse title by the lapse of twenty years' adverse possession.

*Held*, also, that as to the children of the decedent, so far as relates to any interest in the undivided one-third of said lands to which the widow succeeded, they have at no time had a right of action for recovery of the same, and that their rights, whatever they may be, are not barred by the statute of limitations.

*Held*, also, that if A.'s widow dies during her second or subsequent coverture, the one-third of said lands received by virtue of her marriage with A. will descend to his children, without regard to any disposition she may have attempted to make of it during such subsequent marriage.

From the Wabash Circuit Court.

*A. Taylor*, for appellants.

*J. D. Conner, Jr.*, for appellees.

HACKNEY, J.—Mary Irey and Jonah Irey, her husband, brought this action in the court below for the recovery of sixty-one and fifty-two one-hundredths acres of land in Wabash county, and twelve hundred dollars

for the rents and profits thereof accruing from the possession and use of the same by the appellees. Issues were formed upon the complaint, and upon a cross-complaint by the appellees against the appellants, Mary Irey, Jonah Irey (her second husband), and several others, her children by her first husband, Amos Parrott, deceased. There was a trial by the court, a special finding, and a judgment against the appellants.

The record presents nine assignments of error, the first and second of which are expressly waived by appellants' counsel. The third and fourth are upon the overruling of appellants' demurrers to the second and third paragraphs severally of the cross-complaint; the fifth, upon the overruling of the demurrer to the third paragraph of reply to the second paragraph of answer to the second and third paragraphs of cross-complaint; the sixth, that the court erred in its conclusions of law upon the findings of fact; the seventh and eighth, upon the overruling of motions for judgment upon the findings; and the ninth, upon the overruling of the motion for a new trial.

The ruling of the court in sustaining a demurrer to the third paragraph of reply to the answer is discussed by the appellants, but is not assigned as error, and will therefore be disregarded.

There are seven motions for a new trial in the record, one as to the plaintiffs below and one as to each daughter of said Amos Parrott, deceased, and her husband, and one as to each son of said Amos Parrott, defendants to the cross-complaint. The assignment of error upon the overruling of said several motions is joint as to all of the appellants, and as to all of the motions. An assignment of error, like a complaint, must be available in favor of all who join in it. *Arbuckle* v. *Swim*, 123 Ind. 208; *Sparklin* v. *Wardens, etc.*, 119 Ind. 535; *Orton* v. *Tilden,*

110 Ind. 131; *Robins* v. *Magee*, 96 Ind. 174. The ninth assignment will, therefore, be disregarded.

There were two motions for judgment on the special findings, one by the plaintiffs below, Mary Irey and Jonah Irey, and one by the other appellants herein, and all appellants join in the seventh assignment as to one of such motions, and in the eighth as to the other. Each joint specification of error must be founded on a ruling erroneous as to all who join in the assignment. *Orton* v. *Tilden*, *supra*, and other cases above cited. We will be required to give no consideration to said two assignments.

The second paragraph of cross-complaint, by the appellees against the appellants, alleges that Amos Parrott died intestate, in this State, on the 2d day of September, 1861, leaving his widow, the said Mary, since intermarried with Jonah Irey, and the other appellants, excepting those alleged to be husbands, as his children; that said Mary and one Lewis Kelly were appointed administrators of the estate of said Amos, and in the course of administration, and in September, 1862, they applied to, and received an order from, the proper court to sell the lands in question for the payment of debts; that pending the petition for such order the said Mary, who was the guardian of said children, appeared in open court, and, for herself and as such guardian, asked the granting of such order, said children then being parties defendant to said petition; that, on the 7th day of February, 1865, said land was sold to Michael McEnally for $950, and the sale was approved by the court, and a deed was executed therefor.

The title claimed by appellees is then alleged to have passed, by successive conveyances, from McEnally; that said McEnally and his grantees and successors to said

lands have held open, exclusive, continuous and uninterrupted possession of the same ever since said conveyance by said administrators.    It is further averred that of the proceeds of said sale, said Mary received the full one-third, as the widow of said Amos.    Facts are also pleaded from which appellees sought, in the event of an adverse decision as to the land, to secure the benefit of the occupying claimants act.    There are also allegations as to a misdescription by which the whole tract was not included in said administrators' deed.

The third paragraph of cross-complaint is substantially like the second, with the exception that it concedes the invalidity of the deed, owing to the defective description.

Either paragraph is probably sufficient under the occupying claimants act, if not as presenting a valid title through the deed or the statute of limitations, in which respects we will not determine their sufficiency, as the same questions are involved in the conclusions of law upon the facts found by the court.    The third paragraph of reply to the second paragraph of answer to the cross-complaint pleads the statute of limitations, and its sufficiency will not be determined for the same reason.

The facts specially found are, that Amos Parrott died September 2d, 1861, in Huntington county, Indiana, intestate, and the owner of the land in controversy; that the appellant Mary Irey was his widow, and Martha Dunfee, Joseph L. Parrott, Mary L. Paxson, Eliza A. Sullivan, Amey C. Webb, and John A. Parrott, appellants, were his children; that said widow and Lewis Kelly administered upon the estate of said Amos; that, in the course of administration, said administrators filed a petition, appraisement, additional bond, and procured an order of the Huntington Common Pleas Court, at its September term, 1862, for the sale of said lands for the payment of the debts of said estate; that said children

of said Amos Parrott were minors, of whom said widow was guardian, and for whom said guardian appeared in said proceeding, filing for them and for herself a statement that she entered an appearance for them and consented to the sale of said real estate for herself and her said wards.

It is further found that said widow, on the 13th day of November, 1863, intermarried with one Jonah Irey, with whom she has ever since lived as his wife; that thereafter, and in December, 1864, said administrators sold said lands to Michael McEnally, and delivered possession thereof to him; that said administrators, in February, 1865, executed to said McEnally a deed of conveyance for said land, the deed reciting the marriage of said widow to said Irey, which deed was duly approved by the court upon the payment by said purchaser of $950, the purchase price; that of said purchase-money said Mary Irey received the one-third, and the two-thirds were applied to the debts of said estate. It is further found that, on the 2d day of January, 1865, said Mary Irey and Jonah Irey executed to said McEnally a deed of conveyance for said lands. It is also found that said McEnally and others, by successive conveyances, conveyed said land to these appellees, and that from December, 1864, to the 12th day of November, 1886, when this suit was commenced, said McEnally and his grantees remained in the uninterrupted, continuous, exclusive, open and actual possession of said lands. And it is found that said McEnally and his grantees paid taxes on said lands in the sum of $522.72, and made lasting and valuable improvements on said lands, in value of $4,654.89.

Upon the facts so found the court stated as a conclusion of law that, upon the complaint, the law was with these appellees, and upon the cross-complaint the appel-

lees should have their title quieted against the appellants.

The facts found are, by the agreement of the parties, as stated by the court. However, the appellants complain, that certain findings of fact were not by agreement, but we find that they are either the same facts as agreed upon, or are the natural and necessary inferences of fact therefrom.

It is contended by the appellees that the title through the administrators' sale is complete as against the widow and the children, by reason of the consent of said widow, for herself and for her children, as their guardian, to the order of the court directing the sale, though it is conceded that by reason of the defective description the conveyance had not such validity as authorized a correction. Whatever the effect of the misdescription, we do not feel called upon to consider, as our conclusion renders it entirely unnecessary. But we do not agree with the proposition that the consent to the order of sale has the effect so contended for.

The petition did not expressly ask to sell the widow's interest in the lands described, nor did the widow's appearance and consent expressly designate her interest. It is only by construing the consent as applying to the whole tract, because it is alleged that Parrott died seized of the whole tract, that the consent is made to apply to the widow's one-third. The interest of the widow in the lands of her deceased husband has always been the subject of jealous care by the courts, and we doubt if the consent will be construed to cover a greater interest than was rightfully subject to sale. See *Sip* v. *Lawback*, 17 N. J. L. 443.

As the facts found clearly show, the order of sale was granted fifteen months before the land was contracted to McEnally, in December, 1864, when he went into possession, and seventeen months before the report of sale

and confirmation of the deed. After the order, and be-
fore the sale, the widow had married a second husband,
and all power of alienation of her interest in said lands
was thereby suspended under the statute. Although. a
party to the proceeding, the court had no jurisdiction to
order the sale of the widow's interest for the payment of
debts. *Matthews* v. *Pate*, 93 Ind. 443, and cases there
cited.

Consent to the sale, so far as it affected the widow's
one-third, could only be considered as an element of es-
toppel. The execution of the administrators' deed, while
the wife of Jonah Irey, is not an element of estoppel,
for she could not create a title by estoppel where she
could not by direct conveyance.

Prior to the adoption of the R. S. 1881, a married
woman could not by her acts effect an estoppel that would
operate as a conveyance of her lands. *Levering* v. *Shockey*,
100 Ind. 558; *Wilhite* v. *Hamrick*, 92 Ind. 594; *Parks*
v. *Barrowman*, 83 Ind. 561; *Behler* v. *Weyburn*, 59 Ind.
143.

The statute had expressly forbidden a conveyance dur-
ing her second coverture, and the execution of the deed
and the receipt of a portion of the purchase-money may
not be considered in connection with the consent to the
order of sale, in ascertaining the existence of an estop-
pel.

The administrators' deed, upon its face, expressly dis-
closed the remarriage of Amos Parrott's widow; the pe-
tition and other proceedings in the cause disclosed her
relation as widow to said Amos, and the existence of her
children by him. That the law forbade a conveyance un-
der such circumstances the purchaser is presumed to
have known. Every opportunity existed for a full
knowledge upon his part that he could receive no title as
to the widow's one-third through any conveyance by

her. In considering the order of sale as an estoppel, it was not of such a character as to confer, of itself, any legal or equitable title upon McEnally, or any one else. It gave no vested interest in any part of the land; it was not irrevocable; it was but a license from the court to the administrators to make a sale, which sale, without some legal obstacle, would confer title upon the execution and confirmation of a deed. When McEnally purchased, and when he received a conveyance, he knew that a legal obstacle had arisen, from the marriage of said Mary, which rendered it impossible that her interest in said lands, as widow, might be conferred upon him. This knowledge placed McEnally in a position where he could not assert an estoppel. *Sip* v. *Lawback, supra.* Indeed, it is doubtful if the necessary elements of an estoppel are pleaded in any of the various pleadings of the appellees. If they were, we feel certain that the facts found would not sufficiently establish them. We conclude, therefore, that the widow's one-third interest in the land never passed to McEnally more than colorably. The two-thirds, subject to the payment of the debts of the estate of Amos Parrott, she had the undoubted power to convey, and aside from the question of erroneous description, the deed of the administrators conveyed that interest as against her.

The remaining question is as to the effect of the statute of limitations. Though the deed by Mary Irey, as administratrix, was void, as we have held and as will fully appear from the following cases, a few of the Indiana cases to that effect: *Ætna Life Ins. Co.* v. *Buck,* 108 Ind. 174; *Marsh* v. *Thompson,* 102 Ind. 272; *Christy* v. *Smith,* 80 Ind. 573; *Connecticut Mut. Life Ins. Co.* v. *Athon,* 78 Ind. 10; still it constituted color of title. *Sims* v. *Gay,* 109 Ind. 501. As to the two-thirds of the land subject to sale for the payment of the debts of the estate

of Amos Parrott, all of the appellants are affected alike by the statute of limitations, for as to that interest the right of action accrued to all at the same time, and aside from any question of legal disabilities, all were obliged to proceed within the statutory period. John A. Parrott, the youngest of the six children of Amos Parrott, is found to have attained the age of twenty-one years on the 1st day of May, 1880. The daughters could not tack the disability of coverture to that of infancy to prevent the operation of the statute. *Scranton* v. *Stewart*, 52 Ind. 68, and numerous cases following it.

Prior to the R. S. 1881, coverture was a disability, and under section 296 of that revision, Mary, the widow of Amos Parrott and the wife of Jonah Irey, could have deferred suing to recover her interest in either the two-thirds or the one-third of said lands for two years after such disability was removed.

Section 1285, R. S. 1881, did not continue coverture as a disability as it had existed, and the disability there-tofore existing will be considered as having been removed upon the taking effect of the code of 1881, September 19, 1881. Therefore, the suit of the widow was required to have been commenced within two years from September 19, 1881, the date of the removal, by the code, of her disability, provided the period of limitation had then expired. The conveyance having been made in February, 1865, the limitation of twenty years expired in February, 1885, and the disability having been removed in 1881 could not add two years to the period of twenty years. *City of Indianapolis* v. *Patterson*, 112 Ind. 344; *Sedwick* v. *Ritter*, 128 Ind. 209; *Wright* v. *Kleyla*, 104 Ind. 223; *Rosa* v. *Prather*, 103 Ind. 191; *Strong, Trustee*, v. *Makeever*, 102 Ind. 589.

The suit of the appellants, Mary Irey and her husband, was brought in November, 1886, more than one year af-

ter the expiration of the limitation of twenty years. The appellants, children of Amos Parrot, do not sue for any part of the lands; they seek to resist an adjudication of title adverse to them upon the cross-complaint of the appellee. As to the whole land, so far as concerns Mary Irey, she is barred by the statute of limitations to assert any title, as held in cases above cited.

As to the two-thirds part of said lands subject to sale for the payment of debts of the estate of Amos Parrott, deceased, the appellees, his children, hold no interest which has not ripened into an adverse title by the lapse of twenty years' adverse possession. *Riggs* v. *Riley*, 113 Ind. 208; *Roots* v. *Beck*, 109 Ind. 472; *Paxton* v. *Sterne*, 127 Ind. 289; *McWhorter* v. *Heltzell*, 124 Ind. 129.

As to the appellants, children of Amos Parrott, deceased, so far as relates to any interest in the undivided one-third of said lands to which their mother, the widow of said Amos, succeeded upon his death, they have at no time had a right of action for the recovery thereof. Their rights, whatever they may be, are not barred by the statute of limitations, for that statute does not begin to run until "after the cause of action has accrued." R. S. 1881, section 293; *Hasket* v. *Maxey*, 134 Ind. 182. The interests of such children will not become consummated until the happening of the event provided for in section 2484, R. S. 1881, limiting the right of the widow of any decedent to convey during a second coverture, and, in the event of her death during such second coverture, casting such property as she received in virtue of her former marriage upon the children of such former marriage. If the widow of Amos Parrott dies during her second or subsequent coverture, the one-third of said land so received by her in virtue of her marriage with Parrott will descend to his children, without regard to any disposition she may have attempted to make of it

during such second or subsequent marriage. *Bryan* v. *Uland*, 101 Ind. 477, and cases there cited are analogous to the case in hand upon this question. There the widow was a second wife without a child, her deceased husband having left children by a former wife, and it was held that no conveyance of the widow could obstruct the descent to such children.

In the more recent case of *Hawkins* v. *Taylor*, 128 Ind. 431, it was said that in an action to quiet title in support of a deed, during a second marriage, of lands held in virtue of a first marriage, the children of the first marriage being parties to such action, it was the duty of the court to so frame its decree as to protect such children, in their expectant interests in said land. To hold otherwise, in this case, would subject the children of Amos Parrott to an adjudication from which they would be precluded from setting up such expectant interest upon the death of their mother, now Mary Irey.

The judgment of the lower court is affirmed as to the appellants Mary Irey and Jonah Irey, and is reversed as to the other appellants, with instructions to said court to sustain the exceptions of said other appellants to the conclusions of law, and to restate its conclusions of law in accordance with this opinion, in favor of the appellants other than Mary Irey and Jonah Irey.

Filed April 7, 1893.