## DAVIS ET AL. *v.* THOMPSON ET AL.

[No. 21,944. Filed May 27, 1913.]

1. WILLS.—*Property Subject to Devise.—Realty Acquired from Former Husband.*—Under the provisions of Acts 1852, Chap. 27, §18, 1 R. S. 1852, p. 250, providing that a widow, holding any real estate in virtue of any previous marriage, cannot, during a subsequent marriage, alienate the same, and that in the event of her death during such subsequent marriage, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, a widow cannot devise to her second husband the land acquired by her in virtue of her former marriage. p. 541.

2. DESCENT AND DISTRIBUTION.—*Property Acquired from Former Husband.—"Child."*—Under Acts 1852, Chap. 27, §18, 1 R. S. 1852, p. 250, providing that if a widow shall die during the existence of a second or subsequent marriage, any real estate held by her in virtue of a previous marriage shall go to the children of such marriage, if there are no children, the grandchild of the husband through whom a widow acquired land will take the land in fee at her death. p. 541.

3. DESCENT AND DISTRIBUTION.—*Property Acquired From Former Husband.—Debts of Widow.*—Real estate acquired by a widow in virtue of her marriage under Acts 1852, Chap. 27, §18, 1 R. S. 1852 p. 250, is not subject to the payment of her debts on her death during the existence of a subsequent marriage, nor can the husband by such subsequent marriage acquire any interest therein against the children of the marriage in virtue of which such property was acquired. p. 542.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Fannie Thompson against Stella Wasson and others for partition of real estate. From a judgment for plaintiff, defendants, Andrew B. Davis and another, appeal. *Affirmed.*

*Whittington & Williams,* for appellants.

*Henry D. Van Cleave, Arthur W. McGaughey, Clyde H. Jones* and *John B. Murphy*, for appellees.

ERWIN, J.—This was an action by the appellee, Fannie Thompson against Stella Wasson, Andrew B. Davis and Dama MacGregor, and Daniel MacGregor, executor of the last will and testament of Elcy J. Davis, deceased, asking for the partition of certain real estate, of which Elcy J. Davis, deceased, died siezed, having derived title thereto by virtue of her former marriage to William Wasson, who died on December 2, 1856, the owner of said land, and which real estate was set off to her as such widow, in the year 1873, by partition, and after her marriage with Andrew B. Davis, which occurred in 1863. The said Elcy J. Davis, at the time of her death, left two grandchildren, appellees herein, Fannie Thompson and Stella Wasson, children of children of the first marriage with William Wasson. The said Elcy J. Davis died on September 18, 1910. Prior to her death, to wit: on August 17, 1909, the said Elcy J. Davis executed her will, in which she gave to her surviving husband, Andrew B. Davis, a life estate in the lands in controversy and to the appellee, Fannie Thompson, the sum of five dollars, and to Stella Wasson, appellee, the sum of twenty-five dollars, to be paid at the death of her husband.

Issues were formed and the case tried by the court, and a finding was made that the appellees, Fannie Thompson and Stella Wasson, were the owners in fee as tenants in common of the lands in dispute, and that the said real estate was not subject to the payment of debts of said Elcy J. Davis, and entered a decree, awarding partition. The questions presented by the record, are: (1) Could Elcy J. Davis, under the law in force at the time she took title to the land in controversy alienate such land, by the execution of a will? If not, then, (2) Do appellees, being children of children of the husband from whom she inherited the land take the land on the death of Elcy J. Davis?

The statute in effect at the time of the death of William Wasson, the former husband of Elcy J. Davis, is as follows:

1. "If a widow shall marry a second or any subsequent time holding real estate in virtue of any previous marriage such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be" (Acts 1852, chap. 27, §18, 1 R. S. 1852 p. 250). It has been well settled in this State that such widow cannot so alienate such land; and it makes no difference whether she undertook to do so by deed, mortgage or will. *Mathers v. Scott* (1871), 37 Ind. 303; *Blackleach v. Harvey* (1860), 14 Ind. 564; *Newby v. Hinshaw* (1864), 22 Ind. 334; *Finch v. Jackson* (1868), 30 Ind. 387; *Mattox v. Hightshue* (1872), 39 Ind. 95; *Small v. Roberts* (1875), 51 Ind. 281; *Avery v. Akins* (1881), 74 Ind. 283; *Haskett v. Hazel* (1882), 83 Ind. 534; *Wright v. Wright* (1884), 97 Ind. 444; *Fugate v. Payne* (1892), 130 Ind. 281, 29 N. E. 922; *Davis v. Kelly* (1892), 132 Ind. 309, 31 N. E. 942; *Irey v. Mater* (1893), 134 Ind. 238, 33 N. E. 1018; *Horlacher v. Brafford* (1895), 141 Ind. 528, 40 N. E. 1078; *Forgy v. Davenport* (1896), 146 Ind. 399, 45 N. E. 592; *Mickels v. Ellsesser* (1898), 149 Ind. 415, 49 N. E. 373.

The second question must be answered in the affirmative. The act of 1852 was construed by this court in 1862 in an

2. opinion by Worden, J., and held that the word "child" was equivalent to "children or their descendants." *Kyle v. Kyle* (1862), 18 Ind. 108, 110. The same construction has been adhered to by this court, and the Appellate Court in numerous decisions. *Scott v. Silvers* (1878), 64 Ind. 76, 78; *Morin v. Holliday* (1906), 39 Ind. App. 201, 215, 76 N. E. 861. Fannie Thompson and Stella Wasson, the appellees, being grandchildren of the husband from whom the decedent inherited the land, would take the

land in fee at the time of the death of Elcy J. Davis, and the same would not be subject to the payment of the debts of the decedent. *Davis* v. *Kelly* (1892), 132 Ind. 309, 31 N. E. 942, and cases cited. Neither could the husband take any interest in the real estate either by will or descent against the children of the first marriage. *Teter* v. *Clayton* (1880), 71 Ind. 237.

There being no error in the record, the judgment is affirmed.

Note.—Reported in 101 N. E. 1012. See, also, under (1) 40 Cyc. 1050; (2, 3) 14 Cyc. 75. As to conditions in restraint of remarriage, see 84 Am. St. 150. As to the heirship of a grandchild, see 12 Am. St. 97.